**Lance X'Neel HULLUM, Petitioner,**

v.

**Michael T. MALONEY and Scott Harshbarger, Respondents.**

**Civil Action No. 98–10299–JLT.**

United States District Court,
D. Massachusetts.

July 21, 1998.

Lance X'Neel Hullum, South Walpole, MA, pro se.

Susanne G. Levsen, Assistant Attorney General, Boston, MA, for Michael T. Maloney and Scott Harshbarger.

## ORDER

TAURO, Chief Judge.

The court hereby orders as follows:

1. After reviewing Petitioner's objections, the court adopts and approves Magistrate Judge Collings' Report and Recommendation, dated May 11, 1998;

2. Respondents' Motion to Dismiss (Docket # 12) is ALLOWED;

3. Petitioner's Application for a Writ of Habeas Corpus (Docket # 1) is DENIED, as untimely;

4. Petitioner's Motion for Appointment of Counsel (Docket # 4) is DENIED;

5. Petitioner's Motion for Default Judgment (Docket # 7) is DENIED; and

6. Petitioner's Motions for Discovery (Docketè10 & 11) are DENIED.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION ON RESPONDENT'S [sic] MOTION TO DISMISS (# 12)

COLLINGS, United States Magistrate Judge.

Presently before the Court is the Respondent's [sic] Motion to Dismiss (# 12). Respondents argue this petition for habeas corpus relief is untimely under the one-year Statute of Limitations set out in 28 U.S.C. § 2244(d).

### I. Background

In November 1990, petitioner Lance Hullum ("Hullum") pled guilty in state court to numerous counts of rape of a child, assault and robbery. (# 1 at p. 2) His conviction was affirmed on appeal in July 1991. In February 1992, Hullum filed a counseled motion for postconviction relief in state court, which was denied. (# 1, State Court docket sheet (Exhibit to # 1) at p. 4, entry # 68) Hullum appealed that ruling but it was affirmed in February 1993. (# 1, State Court docket sheet (Exhibit to # 1) at p. 4, entries # 69, # 74).

Hullum next filed a second motion for postconviction relief *pro se* in state court in August 1995, raising additional claims not included in the first postconviction motion. (*Id.* at p. 4, entry 75) That motion also was denied, (# 1, State Court docket sheet at p. 4, entry # 76), and the Massachusetts Appeals Court affirmed in June 1996. (# 1, App.D) In July 1996, the Massachusetts Supreme Judicial Court ("SJC") denied Hullum's request for further appellate review. (# 13 at p. 2).

Hullum then filed a motion to revise and revoke his sentence, which was denied in August 1996. (# 1, State Court docket sheet at p. 4, entry # 82). In September 1997, Hullum filed a motion in state court pursuant to Mass. Gen. Laws ch. 211, § 3, (# 13 at p. 2); the motion was denied, and an appeal of that ruling was dismissed voluntarily in January 1998. (# 13, Attached Docket Sheet).

Hullum filed his federal habeas petition on February 12, 1998. The respondents have moved to dismiss this action because Hullum allegedly failed to file it within the one-year period of limitations imposed by the recently-enacted Anti–Terrorism and Effective Death Penalty Act (AEDPA).

### II. Analysis

The amended version of 28 U.S.C. § 2244 states as follows:

(d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The amendment became effective April 24, 1996.

Respondents argue that the one-year period within which Hullum could have filed a habeas petition expired in July 1997, one year after the SJC denied further appellate review of his second motion for postconviction relief.[1] Since Hullum did not file his

---

1. Respondents argue that the filing of Hullum's

motion to revise and revoke and the motion

habeas petition until February 1998, respondents assert that it is untimely.

Hullum says he did not file his habeas petition earlier because he has been in a disciplinary unit since January 1992, where he claims he lacked access to the text of more recent federal legislation, including the AEDPA amendments, until at least late 1997, when the prison library allegedly began making the text of AEDPA available to inmates in the disciplinary unit. (# 15 at p. 3) Thus, Hullum seems to argue that 28 U.S.C. § 2244(d)(1)(B) tolled the running of the period of limitations in his case, because until he was provided access to the text of AEDPA, he was denied meaningful access to the court "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B); *see also Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (inmate's Constitutional right to access to courts infringed where deficiencies in prison library resulted in inmate's failure to meet procedural requirements); *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (Constitutional right of access to courts requires prison officials to provide adequate law libraries).

This Court has found only one case interpreting § 2244(d)(1)(B). In *Miller v. Marr,* 141 F.3d 976 (10 Cir.1998), a habeas petitioner whose petition otherwise was untimely had argued that the petition was timely under § 2244(d)(1)(B). He claimed he was entitled to invoke this exception because the library at a private facility where he had been housed temporarily lacked access to federal statutes, including AEDPA, and he only learned of AEDPA's passage when he was transferred to another facility. *Miller,* 141 F.3d 976, 978.

The Tenth Circuit rejected the petitioner's argument. Over a year passed from the time the petitioner's state remedies had been exhausted until he was transferred to the private facility,[2] yet petitioner did not use that time to pursue his federal claims. *Id.* The court found the petitioner had failed to specify any "steps he took to diligently pursue his federal claims." *Id.* (citing *Lewis,* 116 S.Ct. at 2179). Further, the court pointed out that since petitioner's federal claims were identical to those he had raised in the state proceedings, he could not show that his ability to pursue those federal claims had been impaired. His only claim was that he did not know about the limitation period in AEDPA until it was too late. This, the court said, simply was inadequate to invoke the exception in § 2244(d)(1)(B).

Hullum's circumstances are quite similar to those of the petitioner in *Miller.* Hullum contends that the disciplinary unit in which he is housed lacked access to AEDPA until late 1997, when it was already too late under § 2244(d)(1) to file his petition. But in order for this Court to find a constitutional violation of Hullum's right of access to the courts under *Lewis,* he must show that he diligently pursued his federal claims but was prevented from doing so as a result of deficiencies in the prison library. *Lewis,* 116 S.Ct. at 2179. This he cannot do.

After Hullum's first state postconviction motion was rejected, he waited nearly two and one-half years before taking any additional steps to pursue his constitutional claims. After his second postconviction motion and his motion to revise and revoke his sentence were rejected, he allowed yet another year to pass before taking any additional action. Furthermore, any deficiencies in the library system in the disciplinary unit did not

under Mass. Gen. Laws ch. 211, § 3 did not toll the running of the statute of limitations under § 2244(d)(2), since these were not necessary in order for Hullum to exhaust his state court remedies. Respondents do not cite any authority for this proposition, but they apparently rely upon language in § 2244(d)(2) requiring the application for collateral review to be "properly filed." But even if the court were to toll the running of the statute of limitations during the pendency of these two state motions, Hullum's federal claim still would be time-barred (unless one of the

exceptions in § 2244(d)(1)(B)—(D) applied). The motion to revise and revoke was denied on August 29, 1996, and the chapter 211 petition was not filed until over one year later, on September 17, 1997. Thus, the period of limitations began running, at the latest, on August 29, 1996, and expired one year later, before the chapter 211 motion was filed.

**2.** Admittedly, though, this was a period before AEDPA's passage. *Miller,* 141 F.3d 976, 978.

deny him meaningful access to the courts. Since being housed in the disciplinary unit, he has filed a state postconviction motion, two appeals of the denial of that motion, a motion to revise and revoke his sentence, a motion for relief under chapter 211, an appeal of the denial of that motion, and the current petition. The Court also takes judicial notice of that fact that while Hullum has been housed in the disciplinary unit, he has filed two civil rights actions in this court; *see Hullum v. Dubois,* Civil Action No. 95–10666 (D. Mass., filed 3/3/95); *Hullum v. Dubois,* Civil Action No. 95–10967 (D. Mass., filed 5/10/95). Like the petitioner in *Miller,* the claims he raises in this petition are identical to those raised in state court. Hullum certainly has been able to formulate his constitutional claims and has had every opportunity to bring them to the attention of this Court before now. He simply failed to do so until after he learned Congress had imposed new time limitations for doing so. Under *Miller,* this Court cannot extend those time limitations.

### III. Conclusion

For the reasons stated, I RECOMMEND that Respondent's [sic] Motion to Dismiss (# 12) be ALLOWED and that this petition be DISMISSED as untimely.

### IV. Review by the District Judge

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and these recommendations must file a written objection thereto with the Clerk of this Clerk within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1 Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

May 11, 1998.