[NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1184

 LANCE HULLUM,

 Plaintiff, Appellant,

 v.

 MICHAEL T. MALONEY, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge]

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 Lance Hullum on brief pro se.
 Thomas F. Reilly, Attorney General, and Susanne G. Levsen,
Assistant Attorney General, Criminal Bureau, on brief for
appellees.

September 16, 1999

 Per Curiam. Petitioner Lance Hullum appeals from the
dismissal of his habeas petition filed under 28 U.S.C. 2254. 
The district court, applying the one-year limitations period
introduced by the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), see 28 U.S.C. 2244(d), concluded that the
petition was time-barred, see Hullum v. Maloney, 14 F. Supp. 2d
164 (D. Mass. 1998) (adopting report of the magistrate-judge). 
It thereafter granted a certificate of appealability (COA). We
affirm but on different grounds.
 Petitioner, who seeks to challenge a 1990
Massachusetts conviction, filed the instant pro se petition on
February 12, 1998 (or possibly some days earlier). Even with
the grace period included, see, e.g., Gaskins v. Duval, 
F.3d , 1999 WL 447129 (1st Cir. July 7, 1999), and even with
the period during which state remedies were being pursued
excluded, see 28 U.S.C. 2244(d)(2), his petition was late. 
Respondent filed a motion to dismiss on this basis. By way of
opposition, petitioner explained as follows: that he had been
confined since 1994 in the "department disciplinary unit" (DDU)
at MCI-Cedar Junction; that the main prison library did not
"start sending" a copy of AEDPA to DDU inmates until "late
1997" and that he did not learn thereof until early 1998; that
he otherwise lacked access to "almost all important
information" regarding the Act, as well as to updated legal
materials or any form of legal assistance; and that he would
have filed a timely petition had he known of the one-year
requirement. For these reasons, he sought to invoke the
statutory provision that tolls the running of the limitations
period until
 the date on which the impediment to filing
 an application created by State action in
 violation of the Constitution or laws of
 the United States is removed, if the
 applicant was prevented from filing by
 such State action.

28 U.S.C. 2244(d)(1)(B). Petitioner's factual assertions
have not been contested.
 The district court construed these allegations as
setting forth a predicate claim of denial of the right of
access to the courts, in violation of Lewis v. Casey, 518 U.S.
343 (1996), and Bounds v. Smith, 430 U.S. 817 (1977). It then
concluded that no viable such claim had been presented, such
that 2244(d)(1)(B) was inapplicable. The court emphasized
two factors in this regard. It found that petitioner had not
"diligently pursued his federal claims," noting in particular
that two extended periods of time had elapsed (of nearly 29 and
13 months, respectively) when no state court proceeding was
pending. See 14 F. Supp. 2d at 166. And it determined that
any deficiencies in the library system had not "prevented"
petitioner from pursuing those claims. In this regard, it
noted, inter alia, that the federal claims were identical to
those raised earlier in state court, and that petitioner had
initiated or pursued other court actions during the relevant
period. See id. at 166-67. 
 This structure of analysis raises questions. First,
if petitioner's improbable allegations are accepted as true and
we assume that he had no reasonable means of learning of the
limitations period in timely fashion, was he thereby
"prevented" from filing his petition within the meaning of 
2244(d)(1)(B)? Cf. Lewis, 518 U.S. at 351 (explaining that a
right-of-access claim might be established by showing "that a
complaint ... was dismissed for failure to satisfy some
technical requirement which, because of deficiencies in the
prison's legal assistance facilities, [the inmate] could not
have known"); Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir.
1999) ("[i]n the right circumstances, a delay in receiving
information might call for equitable tolling--such as if the
prison did not obtain copies of AEDPA for months and months"). 
Second, must a petitioner act with "due diligence" in order to
invoke 2244(d)(1)(B) (as suggested in Miller v. Marr, 141
F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998)),
or alternatively to state a claim under Lewis (as suggested by
the district court)? Cf. Miller v. New Jersey State Dep't of
Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (requiring
diligence in order to invoke equitable tolling); 28 U.S.C. 
2244(d)(1)(D) (setting forth explicit diligence requirement).
 Resolving these questions is not necessary here
because petitioner's three substantive claims prove to be
frivolous. His central claim is that a provision in his plea
agreement--that he receive treatment as a sexual offender at
Bridgewater State Hospital--was never honored, thereby
rendering his guilty plea invalid. See, e.g., Santobello v.
United States, 404 U.S. 257 (1971). Petitioner states that all
pertinent facts "appear on the face of the plea hearing
transcript." Brief at 27. Yet that transcript, a copy of
which he has supplied to this court, makes it clear that this
claim fails for at least three reasons. First, the stipulation
in question provided--not that petitioner would receive such
treatment--but that the court would so recommend. Second, the
court subsequently did just that. Most important, this
stipulation was not part of the plea agreement, but was reached
only after the plea had been accepted. The fact that
petitioner apparently ended up not receiving treatment thus
provides no basis for challenging his plea. 
 Petitioner also complains that he is innocent of the
crimes and that his trial attorney should have engaged a DNA
expert. Yet the scattered findings on which he relies from
certain serology reports are of no consequence, particularly in
light of the factual proffer articulated by the government (and
accepted by petitioner) at the change-of-plea hearing. These
claims, even apart from the procedural hurdles they face, see,
e.g., United States v. Broce, 488 U.S. 563, 569-74 (1989),
prove utterly baseless. 
 We therefore choose to affirm on the basis that the
petition is substantively meritless. To the extent that the
grant of the COA might be thought to confine our review to the
limitations issue, we would add the following. A right-of-
access challenge requires a showing that a "nonfrivolous" legal
claim has been frustrated or impeded. Lewis, 518 U.S. at 353. 
Petitioner, having failed to present a nonfrivolous claim,
cannot make such a showing. For that reason, 2244(d)(1)(B)
is inapplicable, which in turn means that his petition was also
properly dismissed on limitations grounds. 
 Affirmed.