USCA1 Opinion

 

 [NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1184 LANCE HULLUM, Plaintiff, Appellant, v. MICHAEL T. MALONEY, ET AL.,  Defendants, Appellees.    APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF MASSACHUSETTS  [Hon. Joseph L. Tauro, U.S. District Judge]    Before  Selya, Boudin and Lynch, Circuit Judges.     Lance Hullum on brief pro se. Thomas F. Reilly, Attorney General, and Susanne G. Levsen,Assistant Attorney General, Criminal Bureau, on brief forappellees.September 16, 1999   Per Curiam. Petitioner Lance Hullum appeals from the dismissal of his habeas petition filed under 28 U.S.C. § 2254.  The district court, applying the one-year limitations period introduced by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2244(d), concluded that the petition was time-barred, see Hullum v. Maloney, 14 F. Supp. 2d 164 (D. Mass. 1998) (adopting report of the magistrate-judge).  It thereafter granted a certificate of appealability (COA). We affirm but on different grounds. Petitioner, who seeks to challenge a 1990 Massachusetts conviction, filed the instant pro se petition on February 12, 1998 (or possibly some days earlier). Even with the grace period included, see, e.g., Gaskins v. Duval, ___ F.3d ___, 1999 WL 447129 (1st Cir. July 7, 1999), and even with the period during which state remedies were being pursued excluded, see 28 U.S.C. § 2244(d)(2), his petition was late.  Respondent filed a motion to dismiss on this basis. By way of opposition, petitioner explained as follows: that he had been confined since 1994 in the "department disciplinary unit" (DDU) at MCI-Cedar Junction; that the main prison library did not "start sending" a copy of AEDPA to DDU inmates until "late 1997" and that he did not learn thereof until early 1998; that he otherwise lacked access to "almost all important information" regarding the Act, as well as to updated legal materials or any form of legal assistance; and that he would have filed a timely petition had he known of the one-year requirement. For these reasons, he sought to invoke the statutory provision that tolls the running of the limitations period until the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.  28 U.S.C. § 2244(d)(1)(B). Petitioner's factual assertions have not been contested. The district court construed these allegations as setting forth a predicate claim of denial of the right of access to the courts, in violation of Lewis v. Casey, 518 U.S. 343 (1996), and Bounds v. Smith, 430 U.S. 817 (1977). It then concluded that no viable such claim had been presented, such that § 2244(d)(1)(B) was inapplicable. The court emphasized two factors in this regard. It found that petitioner had not "diligently pursued his federal claims," noting in particular that two extended periods of time had elapsed (of nearly 29 and 13 months, respectively) when no state court proceeding was pending. See 14 F. Supp. 2d at 166. And it determined that any deficiencies in the library system had not "prevented" petitioner from pursuing those claims. In this regard, it noted, inter alia, that the federal claims were identical to those raised earlier in state court, and that petitioner had initiated or pursued other court actions during the relevant period. See id. at 166-67.  This structure of analysis raises questions. First, if petitioner's improbable allegations are accepted as true and we assume that he had no reasonable means of learning of the limitations period in timely fashion, was he thereby "prevented" from filing his petition within the meaning of § 2244(d)(1)(B)? Cf. Lewis, 518 U.S. at 351 (explaining that a right-of-access claim might be established by showing "that a complaint ... was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, [the inmate] could not have known"); Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[i]n the right circumstances, a delay in receiving information might call for equitable tolling--such as if the prison did not obtain copies of AEDPA for months and months").  Second, must a petitioner act with "due diligence" in order to invoke § 2244(d)(1)(B) (as suggested in Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998)), or alternatively to state a claim under Lewis (as suggested by the district court)? Cf. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (requiring diligence in order to invoke equitable tolling); 28 U.S.C. § 2244(d)(1)(D) (setting forth explicit diligence requirement). Resolving these questions is not necessary here because petitioner's three substantive claims prove to be frivolous. His central claim is that a provision in his plea agreement--that he receive treatment as a sexual offender at Bridgewater State Hospital--was never honored, thereby rendering his guilty plea invalid. See, e.g., Santobello v. United States, 404 U.S. 257 (1971). Petitioner states that all pertinent facts "appear on the face of the plea hearing transcript." Brief at 27. Yet that transcript, a copy of which he has supplied to this court, makes it clear that this claim fails for at least three reasons. First, the stipulation in question provided--not that petitioner would receive such treatment--but that the court would so recommend. Second, the court subsequently did just that. Most important, this stipulation was not part of the plea agreement, but was reached only after the plea had been accepted. The fact that petitioner apparently ended up not receiving treatment thus provides no basis for challenging his plea.  Petitioner also complains that he is innocent of the crimes and that his trial attorney should have engaged a DNA expert. Yet the scattered findings on which he relies from certain serology reports are of no consequence, particularly in light of the factual proffer articulated by the government (and accepted by petitioner) at the change-of-plea hearing. These claims, even apart from the procedural hurdles they face, see, e.g., United States v. Broce, 488 U.S. 563, 569-74 (1989), prove utterly baseless.  We therefore choose to affirm on the basis that the petition is substantively meritless. To the extent that the grant of the COA might be thought to confine our review to the limitations issue, we would add the following. A right-of- access challenge requires a showing that a "nonfrivolous" legal claim has been frustrated or impeded. Lewis, 518 U.S. at 353.  Petitioner, having failed to present a nonfrivolous claim, cannot make such a showing. For that reason, § 2244(d)(1)(B) is inapplicable, which in turn means that his petition was also properly dismissed on limitations grounds.  Affirmed.