**Carl Stephen MOSELEY, Petitioner,**

v.

**James B. FRENCH, Warden, Central Prison, Respondent.**

**No. 6:97CV00171.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

April 14, 1997.

Paul McCallister Green, Durham, NC, Jonathan Broun, Center for Death Penalty Litigation, Durham, NC, for Petitioner.

Valerie B. Spalding, N.C. Dept. of Justice, Raleigh, NC, for Respondent.

### ORDER

ELIASON, United States Magistrate Judge.

Petitioner is a state prisoner facing capital punishment. He is seeking a writ of habeas corpus in this Court. Petitioner has filed a motion requesting the Court to determine the statute of limitation for filing a Section 2254 habeas corpus petition. (Pleading No. 12) The upshot of the motion is that petitioner wishes the Court to reevaluate its February 28, 1997 order that the petition be filed within thirty days and instead give petitioner until January 31, 1998 to file the petition.

Petitioner's motion relies heavily on application of the recent enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, tit. 1, April 24, 1996, and the new state law regulating execution settings. The amendments to the habeas corpus provisions of federal law now provide a one-year limitation period for filing a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1).[1] North Carolina has adopted an orderly procedure for scheduling

---

**1.** The Attorney General has already conceded that this case does not come under the expedited procedures of 28 U.S.C. §§ 2261–2266 for those states which have adopted standards for competency of appointed of counsel, etc. A shorter limitation period applies to those cases. *See* n. 3, *infra.*

executions which takes into account the normal progression of the state, then the federal, post-conviction proceedings. On June 21, 1996, the General Assembly enacted the following provisions contained in *N.C.G.S.* § 15–194:

### § 15–194. *Time for Execution.*

In sentencing a capital defendant to a death sentence pursuant to G.S. 15A–2000(b), the sentencing judge need not specify the date and time the execution is to be carried out by the Department of Correction. The warden of the State penitentiary at Raleigh shall immediately schedule a date for the execution of the original death sentence not less than 30 days nor more than 45 days from the date of receiving notification of any one of the following:

(1) The United States Supreme Court has filed an opinion upholding the sentence of death following completion of the initial State and federal postconviction proceedings, if any; . . . or

(6) Following State postconviction proceedings, if any, the capital defendant failed to file a timely petition for writ of habeas corpus in the appropriate federal district court, or failed to timely appeal or petition an adverse habeas corpus decision to the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court.

In the normal case, state law now contemplates that execution will be set between 30–45 days after the United States Supreme Court has had a chance to review the federal habeas corpus proceedings. Petitioner points out these state statutory provisions are not open-ended because the ADEPA requires a petition to be brought within one year after the affirmance of his state court conviction, excluding tolling times for postconviction review in state court. Petitioner's argument is that if he were not an indigent, he could wait to file his petition until the last day of the limitation period. However, because petitioner is an indigent and had to apply to this Court for counsel, he then becomes subject to this Court's directions with respect to the time for filing the habeas corpus petition. As a result, and as hap-

pened in this case, the Court may require the petition to be filed at a date much earlier than the last day of the one-year limitation period. Consequently, court appointed counsel may have less time to prepare the petition than retained counsel. Second, to the extent review concludes at an earlier time, indigents may be called upon to serve their sentence at an earlier time than non-indigents.

Before addressing these matters, the Court will first look at whether the one-year limitation period would, in fact, give petitioner until January 31, 1998 to file his petition if he had retained, instead of court appointed, counsel. For habeas corpus cases in states which have not satisfied the prerequisites of 28 U.S.C. §§ 2261–2266 for expedited procedures, the limitation period is set forth in 28 U.S.C. § 2244(d) which provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

(B) [The date of removal of an unconstitutional impediment to filing.]

(C) [The date the Supreme Court makes a new constitutional right retroactive.]

(D) [The date the factual predicate of a claim could be discovered.]

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner and respondent agree that the one-year limitation period became applicable to petitioner on April 24, 1996, the day the AEDPA became effective. They also agree that seventy-seven days are excludable from that date to July 1, 1996, when the pending state post-conviction petition was dismissed. 28 U.S.C. § 2244(d)(2). Finally, they agree that 42 days are to be excluded (August 30–

October 10, 1996) pursuant to Section 2244(d)(2) for the time the petition for certiorari was pending in the North Carolina Supreme Court. Respondent objects to the exclusion of any more time.

■ Petitioner urges the Court to consider the state post-conviction petition and supreme court certiorari proceedings as one process in order to exclude preparation time for the certiorari petition (59 days; July 2–August 29, 1996). He argues that this would be consistent with the treatment of the time for the trial and direct appeal. The Court rejects the analogy because the trial and direct appeal are not exclusionary events under Section 2244(d)(2). Rather, the judgment is simply not final and the limitation period does not start to run until after those events. The one-year period expresses Congress' judgment on the amount of time reasonably necessary to file the state and federal post-conviction motions. The one-year period is given for the very purpose of preparing petitions, motions, etc. and, therefore, cannot be considered a tolling event. The time is even shorter if a state satisfies the expedited review requirement of Sections 2261–2266.[2] Petitioner has not shown the time to be unreasonably short so as to violate his rights to due process under the Fifth and Fourteenth Amendments or his statutory right to counsel.

■ Next, petitioner wishes to exclude from the one-year limitation period the time from when he filed a motion for appointment of counsel in this Court, pursuant to 21 U.S.C. § 848(q)(4)(B), until such time as the order was granted. The Court rejects the argument because that motion is not a part of the state post-conviction or collateral process exempted by 28 U.S.C. § 2244(d)(2). As held in the Court's February 28, 1997 order, except in exigent circumstances, such a motion for counsel may not even be filed in federal court until the state post-conviction process, including petitions for certiorari, have been completed.

■ Alternatively, petitioner contends that the court should consider his motion for counsel tantamount to the commencement of his action, thereby tolling the further running of the limitation period, citing the Supreme Court's decision in *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). The provisions of Section 848(q)(4)(B) permit the court to appoint counsel in a state death penalty case prior to the time that a Section 2254 habeas petition need actually be filed so the petitioner can have assistance for such filing. *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666. Petitioner argues that because the motion for counsel, in his view, commences a habeas corpus action, the time from the filing to the ruling on the motion should be excluded from the one-year limitation period.

2. Those sections require a state to meet standards for the quality, appointment and payment of counsel. Inferentially, a shorter 180–day limitation was selected based on the assumption that under such a system counsel will be better prepared and able to file the petitions and briefs and, therefore require less time.

The 180–day limitation period is found in 28 U.S.C. § 2263 which provides:

§ 2263. **Filing of habeas corpus application; time requirements; tolling rules**

(a) Any application under this chapter for habeas corpus relief under section 2254 must be filed in the appropriate district court not later than 180 days after final State court affirmance of the conviction and sentence on direct review or the expiration of the time for seeking such review.

(b) The time requirements established by subsection (a) shall be tolled—

(1) from the date that a petition for certiorari is filed in the Supreme Court until the date of final disposition of the petition if a State prisoner files the petition to secure review by the Supreme Court of the affirmance of a capital sentence on direct review by the court of last resort of the State or other final State court decision on direct review;

(2) from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition; and

(3) during an additional period not to exceed 30 days, if—

(A) a motion for an extension of time is filed in the Federal district court that would have jurisdiction over the case upon the filing of a habeas corpus application under section 2254; and

(B) a showing of good cause is made for the failure to file the habeas corpus application within the time period established by this section.

The rules governing the filing, processing, and disposition of Section 2254 habeas corpus petitions are set out in the Rules Governing Section 2254 Cases, Title 28, United States Code. Rule 11 provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Rule 3 of the Federal Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint [or in this case a petition] with the court." Petitioner argues that *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666, determined that in a capital habeas corpus case an action is commenced by the filing of a motion for appointment of counsel. However, the Supreme Court actually held that a "post-conviction proceeding under Section 2254" was commenced by such a motion for purposes of the appointment statute, 21 U.S.C. § 848(q)(4)(B), and that a federal court has jurisdiction to enter a stay of execution to safeguard the statutory right to counsel.

The Supreme Court did not hold that the motion for counsel commenced a habeas corpus action for other purposes. Were it otherwise, then the commencement of an action would be different for indigent and non-indigent prisoners. The Rules Governing Section 2254 Cases do not make such a distinction, and petitioner fails to show any basis for concluding that indigent capital habeas petitioners should have special status under either those rules or the Federal Rules of Civil Procedure. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (right to sue letter in Title VII case). Rather, the only affect a motion for appointment of counsel has on the one-year limitation period is that the pending motion may justify application of equitable tolling should the time to file run out during the pendency of the motion. See 466 U.S. at 151, 104 S.Ct. at 1725–26 (citing *Harris v. Walgreen's Distribution Center,*

456 F.2d 588 (6th Cir.1972) (if time for complying with limitation period unreasonably short after decision on appointment of counsel, court should set a reasonable time for the filing)).

Moreover, adopting petitioner's position could have unwanted repercussions. If the request for the appointment of counsel constitutes the filing of a habeas petition for statute of limitation purposes, then those defendants proceeding under the expedited review procedure requirements of 28 U.S.C. §§ 2261–2266 would face serious consequences. The parties have only 120 days for pleadings, briefs, and hearings. 28 U.S.C. § 2266(b)(1)(B). The Court would have to severely restrict the time in which indigent prisoners could prepare and submit a habeas petition. In fact, in the Fourth Circuit, as a result of Fourth Circuit Judicial Council Order No. 113,[3] the same fate would befall petitioner in this case. Therefore, the Court declines to so construe the one-year limitation provisions of Section 2244(d) as requested by petitioner.

The Court finds that petitioner's time to file a petition does not expire until August 12, 1997 (July 1, 1997, plus 42 days of tolled time for the certiorari petition). The time taken to prepare a petition for certiorari to the state supreme court is not excluded. Nor is the limitation period tolled because of petitioner's motion for court appointed counsel. Furthermore, because the limitation period did not expire during the time the motion for counsel was pending and sufficient time remains to file a petition within the limitation period, there is no occasion to employ the doctrine of equitable tolling.

The remaining issue is when should the Court order the petition to be filed. Petitioner argues that if he had retained counsel he could file a petition at the very end of the one-year limitation period, here August 12, 1997. He requests the same discretion.

**3.** Once a petition is filed, it becomes subject to Fourth Circuit Judicial Council expedited review policy that encompasses all death penalty cases, even those which are not subject to expedited treatment pursuant to 28 U.S.C. § 2261, *et seq.* The policy declares that all cases should be decided in the proscribed time period as if the State had adopted and implemented mechanisms with respect to attorney qualifications and appointments mandated by Congress for expedited proceedings. Council Order No. 113.

A number of factors go into making the decision of when to require the petition to be filed. The primary one is that Congress has indicated a desire for an orderly but prompt disposition of death penalty cases by enactment of the AEDPA. This calls for as short a time as reasonably possible. However, to the extent a shorter time is given to file a petition, two things may occur. First, a petitioner's potential execution date may arrive sooner. Nevertheless, this consequence is speculative. The processing of cases through the judicial system is subject to various factors involving judicial availability, complexity of the issues, and other matters which can speed up or delay a case. Also, to the extent petitioner uses public resources in the form of appointed counsel, he should not expect to be wholly free of accountability and direction imposed by others. The second consequence would be that the appointed counsel would not have as much time within which to prepare the petition. However, mere length of time does not guarantee better quality work. It is often the case that a firm but reasonable schedule produces the best quality of work.

In light of the newness of the AEDPA and the attendant questions associated with implementing new and significant legislation, the Court finds that sixty days would be a reasonable time within which to prepare the habeas corpus petition. While it is true that petitioner's counsel have already been appointed for a little over a month, the Court also finds that the new issues raised by the AEDPA have already taken considerable time. Therefore, the Court will grant petitioner sixty days from the date of this order within which to file his petition and brief.

**IT IS THEREFORE ORDERED** that petitioner's motion for the Court to establish January 31, 1998 as the last day of the Section 2244(d) limitation period and the date on which petitioner must file a habeas corpus petition (pleading no. 12) is denied for reasons stated in the body of this Order, but that petitioner is granted sixty days from the filing date of this Order to submit his habeas corpus petition.