**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHANNONE WAYNE MCCLINTICK,
Petitioner-Appellant,

v.

DEAN R. WALKER, Superintendent;

MICHAEL F. EASLEY, Attorney
General of the State of North
Carolina,
Respondents-Appellees.

No. 98-7325

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Graham C. Mullen, Chief District Judge.
(CA-97-316-1-MU)

Submitted: August 17, 1999

Decided: September 21, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Robinson Brewer, Asheville, North Carolina, for Appellant.
Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GEN-
ERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Shannone McClintick appeals the district court's order dismissing his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999), as untimely. For the reasons set forth below, we vacate and remand.

In 1984, a North Carolina jury convicted McClintick of robbery, burglary, and rape. The Supreme Court of North Carolina affirmed his conviction in 1986. On December 11, 1996, McClintick filed a motion for appropriate relief, which was denied on March 13, 1997. On July 3, 1997, he filed a petition for certiorari in the North Carolina Court of Appeals. That court issued an order on July 23, 1997, dismissing the petition "without prejudice to refile it in the appropriate appellate court. See N.C.R. App. P. 21(b)." On July 29, 1997, McClintick filed a petition for certiorari in the Supreme Court of North Carolina. The Supreme Court of North Carolina denied the petition on October 2, 1997.

McClintick filed his § 2254 petition on October 17, 1997. The district court dismissed the petition as untimely under the one-year limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 based on its finding that McClintick's petition for certiorari filed in the North Carolina Court of Appeals was improperly filed. This appeal followed.

Title 28, United States Code, Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244(d)(2) (West Supp. 1999). The exception to the one-year limitations period encompasses "the entire period of state post-conviction proceedings, from

2

initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, ___ F.3d ___ 1999 WL 558417, at *3 (4th Cir. July 29, 1999). Therefore, the period of time during which McClintick's application for relief was pending under § 2244(d)(2) was from the date he filed his motion for appropriate relief--December 11, 1996--through the date the Supreme Court of North Carolina denied his petition for certiorari--October 2, 1997. Accordingly, McClintick's § 2254 petition, filed on October 17, 1997, was timely filed.

We grant a certificate of appealability as to the timeliness issue, vacate the district court's order dismissing McClintick's § 2254 petition as untimely, and remand the matter to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3