**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD ANTHONY MITCHELL,
Petitioner-Appellant,

v.                                                                    No. 98-7788

ROBERT SMITH,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-98-629-5-H)

Submitted: August 17, 1999

Decided: September 23, 1999

Before MURNAGHAN and WILKINS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Anthony Mitchell, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Mitchell appeals the district court's order dismissing his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999), as time barred under the one-year limitations period set forth in 28 U.S.C.A. § 2244(d)(1) (West 1994 & Supp. 1999). For the reasons set forth below and in our prior opinion in this case, see United States v. Mitchell, No. 98-7788 (4th Cir. May 5, 1999) (unpublished), we vacate and remand.

Mitchell's convictions became final on September 3, 1997, the day the period for filing a petition for a writ of certiorari in the United States Supreme Court expired. See 28 U.S.C.A. § 2244(d)(1)(A); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). The statute provides that the time in which a properly filed application for state post-conviction relief is pending shall not be included in the one-year limitations period. See 28 U.S.C.A. § 2244(d)(2) (West Supp. 1999). Mitchell filed a petition for state post-conviction relief on April 28, 1998, which was denied on May 14, 1998. He filed a petition for writ of certiorari in the North Carolina Court of Appeals on June 26, 1998, which was denied on July 10, 1998. The tolling provision of 28 U.S.C.A. § 2244(d)(2) excludes the entire period of time from April 28, 1998, through July 10, 1998 (74 days), from the one-year limitations period. See Taylor v. Lee , ___ F.3d ___, 1999 WL 558417 (4th Cir. July 29, 1999). Thus, Mitchell had until November 16, 1998, to file his petition, and his federal habeas corpus petition, filed August 7, 1998, was timely.

Accordingly, we grant Mitchell's motion for a certificate of appealability on this issue, vacate the district court's order dismissing Mitchell's § 2254 petition as untimely, and remand the matter to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED