DENNIS, Circuit Judge,
dissenting:
I respectfully dissent.
Section 2244(d)(2) of Title 28 U.S.C. (1994 ed., Supp. IV) provides that “the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.” A one year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This case presents three questions: (1) whether federal courts are required to apply state law in determining whether an application for state postconviction relief “is pending” within the meaning of this provision; (2) if so, whether under Texas law the petitioner’s application for State post-conviction review was “pending” at least until written notice was filed in the state district court on December 21,1998 announcing the final denial of petitioner’s motion for rehearing by that appellate court;[1] and, alternatively, (3) whether the statute of limitations was equitably tolled because petitioner’s federal habeas petition in this death penalty case was filed untimely due solely to the incompetence and gross neglect of his federal court appointed counsel. Each question should be answered in the affirmative, making Lookingbill’s petition for post-conviction relief timely filed.
The majority erroneously denies Look-ingbill relief, however, because it (1) mistakenly assumes that it is not required to apply the meaning of state law; (2) exceeds its jurisdiction by deciding this case according to federal common law rules of its own unauthorized creation; and, in the alternative, (3) fails to recognize that the statute of limitations was equitably tolled.
1.
Federal courts are required to apply governing state procedural law in determining whether an application for state post-conviction relief “is properly filed” or “is pending” within the meaning of § 2244(d)(2). In construing that provision, the Supreme Court, in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), held that an application is “ ‘proper *266 ly filed’ when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings.”[2] Similarly, this court and other federal circuits have held that a state-court petition “is pending” “from the time it is first filed until finally disposed of and further appel- - late review is unavailable under the particular state’s procedures.”-[3]
Despite the controlling precedents of the Supreme Court and this court, the majority claims that “[c]ircuit precedent requires us to establish a bright-line [federal common law] rule that corresponds to when the [Texas] Court of Criminal Appeals actually disposed of the motion for reconsideration” rather than risk “mangling state law beyond recognition.” Without further explanation, the majority then concludes that, under its “bright line” rule, the state motion for reconsideration was “actually disposed of’ on the date inscribed on the state appellate clerk’s letter and that Lookingbill’s application therefore stopped pending in state court on that date. Because this court lacks the authority or jurisdiction to supersede the state law meaning of “pending” under § 2244(d)(2) with its own ad hoc federal common law rule, and because I believe that a conscientious reading and application of the state law leads to a different result, I must respectfully disagree.
The majority asserts that Lookingbill did not raise any of the following state law arguments for tolling and, therefore, these arguments are waived. This is incorrect. In response to this court’s question whether Texas Courts would decide that a petitioner’s application does not cease to pend until the court of Criminal Appeals’ order denying the motion for reconsideration is filed in the trial court, Lookingbill’s counsel stated, “Texas Courts have held that a criminal case is pending' on direct appeal until the appeal-has been decided and the state trial court receives and files the mandate of the Court of Criminal Appeals.” As to other questions' raised by the panel concerning the term “pending,” Looking-bill joined with the Attorney General in requesting that questions of Texas procedural law be directed to the Texas Court of Criminal Appeals in the form of certified questions, a request which the majority denied as “unnecessary.”[4] The majority has never informed the parties that their request for certified questions has been denied. They have not, therefore, received notice that the court considers these arguments waived and have not ex *267 pressed any intention to waive them. Furthermore, LookingbiU filed a supplemental letter brief pursuant to Fed. R.App. 28(j) to draw the court’s attention to Currie v. Matesanz,[5] which “looked at all available avenues which a petitioner might legitimately utilize to determine whether a particular application for post-conviction relief was ‘pending’ ” and which “supports Look-ingbill’s contention that as long as there were [sic ] any review open to Mr. Look-ingbill[,] that the application was ‘pending’ for purposes of the AEDPA.”
2.
Applying the meaning of the governing Texas procedural law, Lookmgbill’s application for state post-conviction review was “pending” at least until written notice was filed in the state district court on December 21, 1998 announcing the final denial of petitioner’s motion for rehearing by that appellate court. As the majority has recognized, if the limitations period was tolled this long, “Lookingbill’s COA would be timely.”[6] There are several reasons for reaching this conclusion under the meaning of the Texas governing law.
a.
The Texas Court of Criminal Appeals is required to expeditiously review all applications for a writ of habeas corpus, and, after reviewing the record, enter its judgment remanding the applicant to custody, or ordering the applicant’s release, as the law and facts may justify.[7] The record presented for our review contains only a single judge order which simply denies Lookingbill’s application. Because the Texas Criminal Court of Appeals has not rendered a judgment remanding Looking-bill to custody or ordering his release, his application is still pending in the state appellate court insofar as the record discloses.
b.
Texas Rules of Appellate Procedure, Rule 19.1 provides that a “court of appeals’ plenary power over its judgment expires ... 80 days after the court overrules all timely filed motions for rehearing and motions to extend time to file a motion.” Rule 19.2 further provides that “[i]n a civil case, the court of appeals retains plenary power to vacate or modify its judgment during the periods prescribed in 19.1 even if a party has filed a petition for review in the Supreme Court.” Thus, it is evident that under Texas law the Court of Criminal Appeals retained plenary power and jurisdiction of Lookingbill’s application for 80 days after it overruled his timely motion for rehearing. If that motion was overruled on December 16, 1998, as the majority concludes, Lookingbill’s application remained pending within the jurisdiction and plenary power of the Court of Criminal Appeals until January 15, 1999. Consequently, the statute was tolled a sufficient amount of time to make Looking-bill’s federal application herein timely.
c.
The clerk of the appellate court that renders a judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed when the applicable period expires.[8] In the Supreme Court and the Court of Criminal Appeals, the applicable period is “[t]en days after the time has expired for filing a motion to extend time *268 to file a motion for rehearing if no timely filed motion for rehearing or motion to extend time is pending.”[9]
In the present case, the record does not contain a judgment either remanding the petitioner to "custody or ordering his release, as required by Texas Code of Criminal Procedure Art. 11.071, or a mandate in accordance with such a judgment that was sent to the clerk of the district court, as required by Texas Rule of Appellate Procedure, Rule 18.1. The letter from the Clerk of the Criminal Court of Appeals to the presiding judge of the state district court bearing the date of December 16, 1998 merely stated: “This is to advise that the Court has denied without written order motion for reconsideration on the court’s own motion.” Thus, that letter does not purport to be a mandate in accordance with the Court of Criminal Appeal’s judgment on the merits as required by Rule 18.1. In the absence of a mandate, jurisdiction over a cause remains in the appellate court, and an attempt to proceed below, prior to the return of a mandate, is a clear invasion of an appellate court’s jurisdiction and can be restrained by a writ of prohibition.[10]
Consequently, jurisdiction of Looking-bill’s petition remained pending in the Court of Criminal Appeals for at least a sufficient amount of time to make his federal application timely. Even if by a large stretch of imagination the appellate clerk of court’s letter to the presiding judge of the district court could be considered to be a mandate of a judgment, it is undisputed that it was not filed in the district court until December 21, 1998 and could not have divested the court of appeals of jurisdiction or reinvested the district court with the same until that date. Even under this conceit, Lookingbill’s federal petition was timely.
3.
“The doctrine of equitable tolling preserves a plaintiffs claims when strict application of the statute of limitations would be inequitable.”[11] Assuming, arguendo, that Lookingbill’s petition was untimely, I disagree with the majority’s refusal to grant equitable tolling because a strong argument can be made that the petition was timely filed and because Lookingbill’s twice-requested court-appointed lawyer, not Lookingbill, was derelict in failing to file a petition before the limitations period expired. In his brief before this court, Lookingbill argues that the court should equitably toll the time period between his first request for postconviction counsel on May 19, 1998 and the ultimate appointment of federal counsel on February 3, 1999.
Although the general rule is that equitable tolling should only be applied in “rare and exceptional circumstances,”[12] recently the Third Circuit, in Fahy v. Horn, held that the confusion surrounding the AED-PA’s statute of limitations warranted equitable tolling in a capital case even when the circumstances were not exceptional:
Because the consequences are so grave and the applicable law is so confounding and unsettled, we must allow less than *269 “extraordinary” circumstances to trigger equitable tolling of the AEDPA’s statute of limitations when a petitioner has been diligent in asserting his or her claims and rigid application of the statute would be unfair.[13]
Lookingbill’s arguments for equitable tolling are more than “garden variety elaim[s] of excusable neglect”[14] and he was clearly diligent in pursuing his claims by seeking federal counsel during the pen-dency of his state habeas petition. Although there is no constitutional right to appointment of counsel in collateral review, the State of Texas and the United States government have conferred a statutory right to the appointment of counsel in death penalty habeas proceedings.[15] After the application for a writ of habeas corpus had been denied by the Court of Criminal Appeals on March 5, 1998, Lookingbill’s state-appointed counsel filed a motion for appointment of federal habeas counsel, but no action was taken by the federal court. Lookingbill filed a second motion for appointment of federal counsel on September 23,1998, even though his motion for reconsideration was still pending before the Court of Criminal Appeals. In December, Lookingbill’s counsel was discharged and he remained without representation until February 3, 1999, when the federal district court finally granted his motion and appointed federal habeas counsel. In my opinion, it would be fundamentally unfair to penalize Lookingbill for the time elapsed during the pendency of his motion for appointment of counsel in light of the grave consequences and unsettled state of the law.
Finally, the majority’s conclusion that Lookingbill could have filed a skeletal federal habeas corpus petition pro se imposes an unfair and unrealistic burden upon an unsophisticated prisoner represented by a dilatory court-appointed attorney. Habeas corpus petitions must meet heightened pleading requirements and comply with the Supreme Court’s doctrines of procedural default and waiver.[16] Federal courts can summarily dismiss any habeas petition that appears legally insufficient on its face.[17] “Moreover, should a defendant’s pro se petition be summarily dismissed, any petition subsequently filed by counsel could be subject to dismissal as an abuse of the writ.”[18]
For the foregoing reasons, we should grant equitable tolling.[19] As we have wisely concluded before, “[w]e must be cautious not to apply the statute of limitations too harshly,”[20] especially where the consequences of error are so grave.

. "If we tolled the deadline until December 22, 1998, Lookingbill’s COA would be time-]y.” Maj. Op. p. 261.

. Id. at 8, 121 S.Ct. 361. Accord Emerson v. Johnson, 243 F.3d 931, 932-935 (5th Cir.2001).

. Williams v. Cain, 217 F.3d 303, 310 (5th Cir.2000)(quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir.1999)), affirmed on other grounds, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)(internal quotations omitted); Hizbullahankhamon v. Walker, 255 F.3d 65, 69 (2d Cir.2001)(same); Currie v. Matesanz, 281 F.3d 261, 266 (1st Cir.2002)(same); Fernandez v. Sternes, 227 F.3d 977, 980 (7th Cir.2000); Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir.2000)(same); Taylor v. Lee, 186 F.3d 557, 561 (4th Cir.1999); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). Accord Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir.2001); Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir.2001). Thus, the application is " pending,’ not only when it actually is being considered by the trial or appellate court, but also during the ‘gap’ between the trial court’s initial disposition and the petitioner’s ‘timely filing of a petition for review at the next level.’ ” Currie, 281 F.3d at 266 (citing and quoting from Melancon, 259 F.3d at 406). “That rule applies to applications for discretionary review as well as to appeals as of right.” Currie, 281 F.3d at 266 n. 7 (citing Swartz, 204 F.3d at 421; Taylor, 186 F.3d at 561; Barnett, 167 F.3d at 1323).

.I would have certified the questions to the state court.

. 281 F.3d 261 (1st Cir.2002).

. Maj. Op. p. at 261.

. Tex.Code Crim. Proc. Art. 11.071(11).

. Tex.R.App. Proc. 18.1.

. Tex.R.App. Proc. 18.1(b).

. See 6 Tex. Jur.3d Appellate Review § 815 Cciting Dixie Gas and Fuel Co. v. Jacobs, 66 S.W.2d 446 (Tex.Civ.App.Beaumont 1933)). See 6 Tex. Jur.3d Appellate Review § 821 as to the power of the appellate court to enforce a mandate by the use of extraordinary writs.

. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir.1998).

. Id. at 807.

. 240 F.3d 239, 245 (3d Cir.), cert. denied, — U.S. -, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001).

. Maj. Op. p. at 265 (citing Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir.1996)).

. Tex. C.Crim. Proc. art. 11.071; 21 U.S.C. § 848(q).

. McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).

. Id.

. Id.

. Davis v. Johnson, 158 F.3d 806, 812 (5th Cir. 1998).

. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999).