**Derek Olanda HEADEN, Petitioner,**

v.

**Theodis BECK, Secretary of the Department of Correction, Respondent.**

**No. 1:03CV00554.**

United States District Court, M.D. North Carolina.

March 28, 2005.

Derek Olanda Headen, Elizabeth City, NC, pro se.

Sandra Wallace–Smith, Raleigh, NC, for Respondent.

## *JUDGMENT*

TILLEY, District Judge.

On January 7, 2005, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the petition for habeas corpus (docket no. 2) is denied, that respondent's motion for summary judgment (docket no. 5) is granted, that this action is dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

## *RECOMMENDATION OF MAGISTRATE JUDGE ELIASON*

ELIASON, United States Magistrate Judge.

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 1997, in the Superior Court of Randolph County, petitioner was convicted of robbery with a dangerous weapon in

case 96 CRS 1141. He was subsequently sentenced to 117 to 150 months of imprisonment. Petitioner appealed, but on August 18, 1998, the North Carolina Court of Appeals issued an opinion finding no error in petitioner's trial or sentence.

On February 15, 2000, petitioner filed a petition for a writ of certiorari[1] to have the North Carolina Supreme Court review his case. This was denied on April 6, 2000. In January of 2001, he filed another petition for certiorari which was denied on February 1, 2001. On May 7, 2001, petitioner filed a motion for appropriate relief in Randolph County. When this was denied, he twice sought certiorari from the North Carolina Court of Appeals, only to be denied on April 24, 2002 and October 10, 2002. He then submitted a habeas petition to this Court on May 21, 2003.

▪ Respondent requests dismissal on the ground that the petition was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255, which each contain a similar time limit, have equal applicability to one another. *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. *Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000). Finality has been construed to include the time in which a defendant could file a

petition for certiorari to the United States Supreme Court. *Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir.2002); *see United States v. Segers,* 271 F.3d 181 (4th Cir.2001), *cert. denied,* 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002)(federal conviction).

▪ The one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris, supra.* The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

▪ Here, petitioner initially pursued a direct appeal, but the North Carolina Court of Appeals denied it on August 18, 1998. He failed to request review of the North Carolina Court of Appeals' decision from the North Carolina Supreme Court for almost a year and a half. That is well beyond the time allowed under North Carolina law which normally is thirty-five days after the decision of the court of appeals. *See* N.C. R.App. P. 14(a), 15(b), and

---

1. The document was submitted by petitioner as a part of a group of documents he submitted after the Court ordered the parties to provide any copies they could of the petition for discretionary review/petition for certiorari which was denied on April 6, 2000. The document is not stamped as having been the one filed with the North Carolina Supreme Court. However, respondent has made no challenge to its being an authentic copy of the one that was submitted and its date is consistent with the date of the eventual denial. Because it makes no difference in the outcome of the case, the Court will treat the document as being a correct copy of petitioner's submission to the North Carolina Supreme Court in early 2000.

2. A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. *Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir.1999).

**932**

32(b)(mandate is issued 20 days after the decision, and appeal or petition for review must be filed within 15 days thereafter). *Saguilar v. Harkleroad,* 348 F.Supp.2d 595 (M.D.N.C.2004). Therefore, petitioner's state conviction became final thirty-five days thereafter on September 22, 1998. *Saguilar,* 348 F.Supp.2d 595.

The later petitions for certiorari did not resurrect the direct appeal. These petitions would simply be a request under N.C. R.App. P. 21(a) for extraordinary review. *Saguilar,* 348 F.Supp.2d 595. They are neither part of the direct review process nor the ordinary post-conviction review process which tolls the running of the one year federal statute of limitation in 28 U.S.C. § 2244(d)(1). *Saguilar,* 348 F.Supp.2d 595. By the time petitioner filed his motion for appropriate relief in state court on May 7, 2001, the one year limitation period had long since expired and, consequently, the filing of the instant petition in this Court in 2003 was barred. For these reasons, respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that the petition for habeas corpus (docket no. 2) be denied, that respondent's motion for summary judgment (docket no. 5) be granted, and that Judgment be entered dismissing this action.