**Tony B. GASKINS, Petitioner,**

v.

**Ronald T. DUVAL, Respondent.**

No. 97–2051.

United States Court of Appeals, First Circuit.

July 7, 1999.

Before SELYA, BOUDIN and STAHL, Circuit Judges.

MEMORANDUM AND ORDER

Petitioner Tony B. Gaskins has filed a request for a certificate of appealability (COA) from the district court's denial of

his habeas petition as time-barred. Gaskins' COA request presents two issues: (1) whether there exists a grace period in which to file a habeas petition, i.e., whether the one year limitations period, *see* 28 U.S.C. § 2244(d)(1) (1996), runs from April 24, 1996, the date of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132 (1996) ("AEDPA") and (2) assuming the existence of a grace period, whether it was tolled during the time in which Gaskins' motion for collateral review was pending in the state courts, *see* 28 U.S.C. § 2244(d)(2) (1996).

■ By order dated May 7, 1999, we granted a COA.[1] We invited the respondent to respond to our preliminary conclusion that a remand may be warranted. We have received that response and now resolve this appeal.

■ As to issue (1), the district court concluded, in Gaskins' favor, that a one year grace period (running from AEDPA's effective date) existed in which to file a habeas petition. We have now joined our sister circuits in holding that, for causes of action accruing before the effective date of AEDPA (as, for example, convictions that became final before April 24, 1996), there is a one year grace period running from that date in which to file a motion pursuant to 28 U.S.C. § 2255. *Rogers v. United States*, 180 F.3d 349, 351–352 (1st Cir. 1999). Although the instant case involves a habeas petition filed by a state prisoner pursuant to 28 U.S.C. § 2254, the reasoning of *Rogers* supporting the recognition of this grace period controls here as well. *Id.; see also Libby v. Magnusson*, 177 F.3d 43, 45 (1st Cir.1999) (acknowledging, in dicta, that the courts have generally recognized a one year grace period). We, therefore, affirm the district court's conclusion on issue (1).

■ As to issue (2), the district court concluded that, notwithstanding the applicability of a one year grace period, Gaskins' habeas petition was nonetheless untimely because, in the court's view, the pendency of Gaskins' motion for state collateral relief was irrelevant to the statute of limitations analysis. We disagree with the district court as to this issue and vacate its order denying Gaskins' habeas petition as time-barred and remand to the district court for consideration of the habeas petition on the merits.

The district court may have overlooked 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection [setting forth the one year period of limitation]." The one year period of limitations began running on April 25, 1996, the day after AEDPA's enactment. It ran for 319 days until March 10, 1997, when Gaskins filed a motion for new trial in the state superior court. The period of limitations then was suspended during pendency of that motion. The new trial motion was denied by the superior court on May 8, 1997. On May 13, 1997, Gaskins timely moved for leave to appeal that decision to the Supreme Judicial Court. The SJC denied leave to appeal on June 3, 1997. The running of the limitations period then resumed for an ad-

1. Ordinarily, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). While the procedural issues in question are not constitutional, this court has power to consider such preliminary procedural rulings where they are predicates to consideration of a constitutional issue. *See Nichols v. Bowersox*, 172 F.3d 1068, 1070 n. 2 (8th Cir.1999) (en banc); *cf. Thomas v. Greiner*, 174 F.3d 260, 260 (2d Cir.1999) (per curiam). Numerous courts, in fact, have simply granted COAs on the timeliness issue without discussing whether the requirement of § 2253(c)(2) has been met. *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); *Hoggro v. Boone*, 150 F.3d 1223, 1224 (10th Cir.1998); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617 (3d Cir.1998); *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir.), *cert. denied,* — U.S. ——, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998).

ditional 28 days for a total of 347 days, until July 2, 1997, when Gaskins filed his habeas petition in federal court.[2] By this calculation, therefore, Gaskins filed his federal habeas petition within the one year grace period excluding the period during which his application for state collateral review was pending. The district court's conclusion that Gaskins' habeas petition was time-barred is erroneous.

Although respondent argues that the tolling provision of § 2244(d)(2) ought not to apply to the one year grace period, every circuit court that has addressed this issue has applied § 2244(d)(2)'s tolling provision to the one year grace period. *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir.1998) (per curiam); *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998) (per curiam) (resolving consolidated case of state habeas petitioner), *cert. denied*, — U.S. —, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999); *Hoggro v. Boone*, 150 F.3d at 1226–27; *Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir.1998). And, our own opinion in *Libby* suggests, albeit in dicta, that we would apply the tolling provision of § 2244(d)(2) to the one year grace period. *See Libby v. Magnusson*, slip op. at 11 & n. 2. Applying the tolling provision encourages respect for the principle of comity and compliance with the requirement that, ordinarily, a state prisoner must first exhaust his state court remedies before seeking federal habeas relief.

The respondent cites certain district court cases in support of its position. To the extent that these cases stand for the proposition that the tolling provision of § 2244(d)(2) does not apply to the one year

grace period, we do not find them persuasive. Moreover, these cases appear to be questionable authority in light of later circuit court decisions. And, the recent trend, even among district courts, is to apply the tolling provision of § 2244(d)(2) to the one year grace period. *See, e.g., Diaz v. Mantello*, 47 F.Supp.2d 485 (S.D.N.Y.1999) (collecting cases); *see also Hudson v. Jones*, 35 F.Supp.2d 986, 988–89 (E.D.Mich.1999); *Healy v. DiPaolo*, 981 F.Supp. 705, 706–08 (D.Mass.1997).

Accordingly, the district court order of July 28, 1997 is *vacated* and the matter is *remanded* to the district court for further proceedings consistent with this decision.

*It is so ordered.*

---

**2.** We note that four days lapsed between the superior court's May 8th denial of Gaskins' new trial motion and Gaskins' motion for leave to appeal that decision on May 13. There is, as yet, no firm trend on the issue whether "a properly filed application" for collateral review is "pending" during the period that the state appeal petition is being *prepared. Compare Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999) (tolling the preparation period) *and Hudson v. Jones*, 35 F.Supp.2d 986, 988–89 (E.D.Mich.1999) (similar) *with Moseley v. French*, 961 F.Supp. 889,

892 (M.D.N.C.1997) (not excluding preparation period). We need not definitively resolve whether the time for preparing a petition for appellate review of the denial of a request for collateral relief should be excluded from period of limitations pursuant to § 2244(d)(2). We have excluded those four days in the instant case, but note that, even were we to count those days, Gaskins' habeas petition would be timely as only 351 days would have run prior to Gaskins' filing of his federal habeas petition.