**David JACK, Petitioner**

v.

**Jeffrey D. MERRILL, Warden, Respondent.**

**No. CIV. 99–120–B.**

United States District Court, D. Maine.

Sept. 3, 1999.

David S. Jack, pro se, Thomaston, ME, for Petitioner.

Charles K. Leadbetter, AAG, Augusta, ME, for Respondent.

### ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Pending before the Court is David Jack's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 18, 1996, a jury of the Superior Court of Penobscot County found David Jack ("Jack") guilty of aggravated assault. *See Maine v. Jack*, CR–95–625 (Me.Super.Ct.Pen.Cty., 1996). On March 26, 1996, Justice Margaret J. Kravachuk entered judgment against Jack and sentenced him to five years in prison, with one year suspended, and four years probation, which was to commence immediately. Currently imprisoned at the Maine Correctional Institution in Warren, Maine, the State Attorney General's office projects September 3, 2000 as his approximate release date. Jack did not appeal this judgment or the sentence.

On June 14, 1996, Jack filed a Petition for Post–Conviction Review in the Maine Superior Court of Penobscot County, pursuant to title 15, sections 2121–2132 of the Maine Revised Statutes. Jack sought relief based on a claim of ineffective assistance of counsel at his criminal trial. He claimed that his trial counsel's pre-trial investigation was deficient in two ways. First, he claimed that his counsel failed to hire a private investigator to track down potential witnesses, despite court-awarded funds for such purposes. Second, Jack argued that his counsel failed to inquire into Jack's psychological competency and failed to pursue an insanity defense, despite Jack's request that his counsel explore such a defense. On November 25, 1997, the Superior Court denied Jack's petition in a three page opinion. *See Jack v. Maine*, CR–96–380 (Me.Super.Ct.Pen.Cty., 1997). On December 12, 1997, Jack filed a timely notice of appeal in which he sought the Maine Supreme Judicial Court's review of that decision. On February 11, 1998, the Maine Supreme Judicial Court issued an order denying a certificate of probable cause to proceed with an appeal. *See Jack v. Maine*, Pen–97–746 (Me.1998).

On April 13, 1999, Jack filed a second Petition for Post–Conviction Review, in which he reasserted a claim of ineffective assistance of trial counsel. Since this issue was raised at his prior review, the Superior Court summarily dismissed Jack's second petition on April 21, 1999. *See Jack v. Maine*, CR–99–272 (Me.Super.Ct.Pen.Cty., 1999). Jack then initiated his habeas petition on April 28, 1999, and it was filed on May 4, 1999.

## II. DISCUSSION

In his Petition for Writ of Habeas Corpus, Jack asserts four grounds upon which he seeks relief. First, he alleges that he was never read his Miranda rights, and therefore his conviction was obtained though a coerced confession. Second, he claims that his conviction was the result of an unconstitutional search and seizure. Third, he argues that his conviction was obtained through a violation of his privilege against self-incrimination. Fourth, he once again asserts that he was denied effective assistance of counsel. The thrust of the government's response is that Jack's petition is time-barred.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), ("AEDPA") determines whether Jack's habeas petition is too late. It provides, in relevant part, that:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Maine Rules of Criminal Procedure, Jack had twenty days after the entry of the guilty judgment against him to appeal to the Maine Supreme Judicial Court for direct review. *See* Me. R.Crim. P. 37(c). Therefore, under section 2244(d)(1)(A), the judgment against Jack became "final" on April 15, 1996, the "expiration of the time for seeking [direct] review."

 Because of due process concerns for petitioners, like Jack, whose habeas applications were filed after the AEDPA was enacted on April 24, 1996, but whose criminal convictions were "final" prior to the AEDPA's applicability, courts have held that the one-year limitations period for these petitioners began running on April 25, 1996. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir.1999)(agreeing with the rest of the Federal Circuit Court of Appeals in providing this one-year grace period). Jack's petition, however, was not time-barred a year later on April 25, 1997 for he had filed a state Petition for Post–Conviction Review on June 14, 1996. This Court has repeatedly held that a petitioner's one-year grace period to file a habeas petition under the AEDPA is tolled under section 2244(d)(2) during the pendency of state post-conviction review. *See Bancroft v. Merrill*, Civ. No. 99–0017–B (Rec. Decision, Mar. 25, 1999, *aff'd* April 20, 1999)(citing *Pottios v. Merrill*, Civ. No. 98–0188–B (Rec., Nov. 25, 1998, *aff'd* Dec. 15, 1998); *Leone v. Merrill*, Civ. No. 98–0038–B (Rec. Decision, May 21, 1998, *aff'd* June 25, 1998)). Therefore, Jack's state post-conviction review tolled the one-year limitations period only fifty days after his judgement became final. The limitations clock resumed running on February 12, 1998, the day after the Maine Supreme Judicial Court issued an order denying a certificate of probable cause to proceed with an appeal of the Superior Court's denial of Jack's Petition for Post–Conviction Review. Even though the limitations period was tolled for almost nineteen

months, Jack failed to file his habeas petition within the 315 days after February 12, 1998, the time he had remaining on the limitations period. By the time Jack's habeas petition was filed on May 4, 1999, the limitations period had expired months before. His second state post-conviction review proceeding, which lasted from April 13, 1999 until April 21, 1999, took place after the limitations period had run and has no bearing on this determination.

Since Jack's petition is time-barred, his Petition for Writ of Habeas Corpus is DENIED.

*SO ORDERED.*