**Tony B. GASKINS, Petitioner,**

v.

**Ronald T. DUVAL, Respondent.**

**No. Civ.A. 97–11540–WGY.**

United States District Court,
D. Massachusetts.

March 28, 2000.

Tony B. Gaskins, S.B.C.C., Shirley, MA, petitioner pro se.

Cathryn A. Neaves, Attorney General's Office, Boston, MA, for Ronald Duval, respondent.

### MEMORANDUM AND ORDER

YOUNG, Chief Judge.

## I. INTRODUCTION

The Petitioner, Tony B. Gaskins ("Gaskins"), brings this habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254 claiming that the .proceedings at the state level were fraught with constitutional violations that prevented him from receiving a fair trial.[1] Whether these claims are meritorious, however, cannot be addressed at this time because Gaskins has failed to exhaust his state remedies as required by federal statute. *See* 28 U.S.C. § 2254(b)–(c). Consequentially, as explained in more detail below, the Petition must be dismissed without prejudice.

## II. PROCEDURAL AND FACTUAL HISTORY

The facts relevant to this Petition are as follows: On February 28, 1992, Gaskins was convicted of murder in the first degree and subsequently was sentenced to a term of life imprisonment without parole. The conviction stemmed from a stabbing which occurred during an attempted robbery. The case against Gaskins was largely based on the testimony of two men, Raymond Coffill ("Coffill") and Leo Womack ("Womack"). At the time of the trial, each of these witnesses had a charge of murder pending against him for the death of the victim and both testified in exchange for an agreement that reduced the charge to manslaughter and a recommendation from the prosecution regarding the term of incarceration.

Following his conviction, Gaskins appealed to the Supreme Judicial Court arguing that: (1) the judge erred in denying his motion for a required .finding of not guilty; (2) the jury instructions were defective regarding the possibility of murder in the second degree; (3) the composition of the jury pool should have been challenged; and (4) defense counsel was ineffective in failing to offer certain allegedly exculpatory evidence. *Commonwealth v. Gaskins*, 419 Mass. 809, 810, 647 N.E.2d 429 (1995). The Supreme Judicial Court ruled each of the arguments without merit, affirmed the conviction, and declined to grant a new trial or reduce the verdict. *See id.*

After the Supreme Judicial Court's ruling affirming his conviction, Gaskins filed a

---

1. The Respondent, Robert Duval ("Duval"), did not submit a brief, thus this Court must proceed without the benefit of his legal analysis.

motion for a new trial in which he made the same allegations as in his petition to the Supreme Judicial Court and added several new arguments. The fresh arguments included the use of allegedly perjured testimony to obtain the conviction, the prosecutor's inappropriate comments vouching for the credibility of Womack and Coffill, an error in the reasonable doubt instructions, and the ineffective assistance of appeal counsel. The presiding judge ruled that "[a]ll of the issues now raised by the defendant in this motion for a new trial have either been previously raised and ruled upon in the prior appeal, or have been waived." *Commonwealth v. Gaskins*, No. 91–018642, slip op. at 2 (Mass.Sup.Ct. May 8, 1997). The waiver ruling was based on Mass.R.Crim.P. 30(c)(2), which provides that "all grounds for relief claimed by the defendant ... shall be raised by the defendant in his original or amended motion." Because Gaskins had failed to identify the three new arguments set forth in his motion for a new trial during his appeal, they were deemed to be waived.

Gaskins also sought an evidentiary hearing on the issue of the jury pool composition. Although the Supreme Judicial Court ruled against Gaskins on this issue, the court also stated that the record was incomplete and noted that Gaskins had failed to move for a new trial or a hearing on the motion. *Gaskins*, 419 Mass. at 813–14, 647 N.E.2d 429. The Superior Court also denied this motion, in part because Gaskins had failed to meet the three-prong test described in *Duren v. Missouri*, 439 U.S. 357, 364–68, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). *See Commonwealth v. Gaskins*, No. 91–018642, slip op. at 4 (Mass. Sup.Ct. June 16, 1998).

Following his appeals in the state courts, Gaskins filed a habeas petition in federal court on July 2, 1997. This Court denied the original Petition on July 28, 1997, ruling it was time-barred by the applicable statute. While this Court concluded that a one-year grace period existed in which to

file a habeas petition, it also ruled that Gaskins' habeas petition was nonetheless untimely because the grace period had not been tolled during the pendency of Gaskins' motion for state collateral relief. Gaskins appealed the ruling and the First Circuit Court of Appeals held that the grace period was tolled once Gaskin filed a motion for relief in state court. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir.1999). As a result, the Petition is again before this Court.

## III. DISCUSSION

On its face, the Petition presents the same legal theories that were before the state court and thus would appear ripe for disposition by this Court. While the Petition was pending, however, Gaskins filed the affidavit of Leo Womack to support his contention that the prosecution knowingly and intentionally used perjured testimony to obtain his conviction. *See* Pet. Motion for Leave of Court to Add Aff. of Leo Womack. In the affidavit Womack asserts, apparently for the first time, that he lied on the witness stand and that his "testimony was coerced by the then prosecutor, Howard Whitehead." Womack Aff. ¶ 4. According to Womack, "[t]he prosecutor specifically told me that I must corroborate Raymond Coffill's testimony." Womack Aff. ¶ 5. Coffill's and Womack's testimony, that Gaskins had essentially confessed to the stabbing, was the linchpin of the Commonwealth's case.

From the record before this Court, it does not appear that this evidence was submitted to the state court. Gaskins first raised the issue of perjured testimony in his motion for a new trial. In that motion, Gaskins' sole offer of evidence was a prior inconsistent statement by Womack. *See* Opp. to Def.Mot. for Release at 28; *Commonwealth v. Gaskins*, No. 91–18642 (Mass.Sup.Ct. Apr. 29, 1997). The Commonwealth responded that Gaskins had "not a scintilla of evidence to support the assertion" that the prosecutor encouraged the witness to lie. *See id.* Moreover,

according to the Commonwealth, "there [was] nothing in the record which would warrant a reasonable person in concluding that perjury occurred much less that the claimed perjury was suborned by the prosecutor." *Id.* at 29. Womack's affidavit, at the least, now constitutes a "scintilla of evidence" on the issue of perjury and raises serious questions regarding prosecutorial misconduct. More importantly, it casts doubt on the fairness of Gaskins' trial.

■ Because the factual underpinnings of his habeas petition are substantially different from those presented to the state court, this Court concludes that Gaskins has failed to exhaust his state remedies as required by statute. To have exhausted state remedies, as required by 28 U.S.C. § 2254(b) and (c), a habeas corpus petitioner must have presented the substance of his claim to the state courts. *See Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Lanigan v. Maloney,* 853 F.2d 40, 42 (1st Cir.1988); *Domaingue v. Butterworth,* 641 F.2d 8, 12 (1st Cir.1981). The exhaustion requirement is not satisfied if a petitioner presents new factual allegations in federal court that transform a previous claim or cast it in a significantly different light. *See Turner v. Fair,* 617 F.2d 7, 11 (1st Cir.1980). In general, the exhaustion doctrine requires that a state have an opportunity to consider the claims prior to federal court intervention. *See Picard,* 404 U.S. at 276, 92 S.Ct. 509; *Lanigan,* 853 F.2d at 42.

■ Gaskins' present claim of prosecutorial misconduct is materially broader than the one originally presented to the Massachusetts Superior Court. At the motion for a new trial, Gaskins offered only a prior inconsistent statement to support his theory of perjury and, in reality, had no evidence to endorse his allegations of prosecutorial involvement. Now, Gaskins has the affidavit of Womack, a witness who was key to his conviction, recanting his testimony and claiming coercion on the part of the prosecutor.

Moreover, Mass.R.Crim.P. 30(a) and (b) allow Gaskins to raise this issue at the state level. Rule 30(a) allows an individual imprisoned by the state pursuant to a criminal conviction to request a judge to release him or correct his sentence at any time on the grounds that his restraint was imposed in violation of the law. Further, Rule 30(b) provides that a trial judge may grant a new trial at any time if it appears that "justice may not have been done." The affidavit of Womack appears to be sufficient evidence to support a review of Gaskins' claim under these rules.

■ Because the Petition now contains both exhausted and unexhausted claims, a so-called "mixed petition," it is DISMISSED without prejudice pursuant to *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Fahey v. Dickhaut,* No. 92–40131–NMG, 1994 WL 376279, *3 (D.Mass. July 15, 1994) (Gorton, J.) (docket no. 13). Gaskins may either return to state court properly to exhaust his remedies with respect to the unexhausted claim, or amend the Petition to delete the unexhausted claim. If he chooses the latter course of action, however, Gaskins should be aware that he risks forfeiting consideration of the unexhausted claims in a subsequent petition. *Rose,* 455 U.S. at 521, 102 S.Ct. 1198.