[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1345

ALCIDE H. SAUCIER,

Petitioner, Appellant,

v.

WARDEN, NEW HAMPSHIRE STATE PRISON,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Lynch, Circuit Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

Alcide H. Saucier on brief pro se.
Philip T. McLaughlin, Attorney General, and Christopher H.M. Carter, Assistant Attorney General, on brief for appellee.

JUNE 5, 2000

**Per Curiam**. Petitioner Alcide H. Saucier appeals from the district court's dismissal of his habeas petition under 28 U.S.C. § 2254 for lack of exhaustion. For reasons already stated in our order dated November 10, 1999, we agree with petitioner that he has exhausted his state remedies. We nonetheless affirm dismissal of the petition on the ground that it is untimely. In our November order, we directed briefing on this question because it appeared that petitioner had not filed his petition within the one-year grace period for habeas claims accruing before the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (memorandum and order). We now conclude that the petition was untimely and that it should be dismissed with prejudice.

First, while the state failed to assert the limitations defense in its answer to the petition, we conclude that it has not waived the defense. Given the early stage of proceedings, the state might yet have raised the defense by amending its answer or filing a motion for summary judgment. In its order dismissing the petition, the district court mentioned the limitations period as bearing

on any future petition, alerting both the state and petitioner to this issue (albeit not with reference to the instant petition). Significantly, in his brief petitioner has not asserted any prejudice attributable to the late raising of the defense. For these reasons, we hold that there has been no waiver. See Williams v. Ashland Engineering Co., 45 F.3d 588, 593 (1st Cir. 1995) (finding no waiver of an affirmative defense raised before the close of discovery and before summary judgment proceedings where the plaintiff could anticipate litigation of the issue, had an opportunity to respond, and was not unfairly prejudiced by the late assertion of the defense); accord Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir. 1994) ("it is settled that '[w]hen there is no prejudice and when fairness dictates, the strictures of [the raise or waive] rule may be relaxed") (citation omitted).

Second, the petitioner has not shown that he timely filed his petition, as he suggests. Finality under § 2244(d)(1)(A) occurs on the "conclusion of direct review or the expiration of the time for seeking such review," but is not determined by the time for filing a new trial motion under state law, as petitioner contends. Section 2244(d)(1)(D) does not apply because the petitioner knew the

factual predicates for his claims by the time his probation was revoked, an event which occurred prior to AEDPA's enactment. Hence, he was obligated to file his claims within the one-year grace period. His failure to obtain documents of record to substantiate his claims until May 1997 does not alter that fact, especially since he apparently made no effort to obtain those documents until that time.

Finally, even if this court were to hold that the limitations period may be equitably tolled in an appropriate case, this is not such a case. The detrimental reliance claims considered in Libby v. Magnusson, 177 F.3d 43 (1st Cir. 1999), and Pratt v. United States, 129 F.3d 54 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998), are distinguishable. The petitioners in those cases had filed a second post-AEDPA petition and claimed that their filing had been affected by pre-AEDPA law, so that application of AEDPA to their second petitions would have an impermissible retroactive effect. In contrast, the petition at issue here is a first petition which was filed after AEDPA's enactment. We also note that this pro se petitioner's ignorance of the limitations period, allegedly based on now invalid case law, would not justify equitable tolling. See Harris v.

-4-

Hutchinson, -- F.3d -- , 2000 WL 345398 *5-*6 (4th Cir. 2000) (no equitable tolling where counsel erroneously advised petitioner that limitations period began at conclusion of post-conviction proceedings); Smith v. McGinnis, 208 F.3d 13, 16-18 (2d Cir. 2000) (per curiam) (no equitable tolling where pro se petitioner erroneously believed that filing federal petition could await exhaustion of state remedies); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (no equitable tolling where pro se inmate lacked knowledge of limitations period).

We affirm dismissal of the 28 U.S.C. § 2254 petition, but we remand to the district court with the direction that it modify its judgment of dismissal to be with prejudice.