Hayes v. Warden, NHSP                    CV-00-452-JD  06/06/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Donald T. Hayes

        v.                              Civil No. 00-452-JD
                                        Opinion No. 2001 DNH 109
Warden, New Hampshire
State Prison


O R D E R


        Donald T. Hayes, proceeding pro se, petitions for a writ of habeas corpus, pursuant to 28 U.S.C.A. § 2254, seeking release from his state conviction and sentence.  Hayes submits affidavits to show that the woman who accused him of rape has recanted her testimony against him.  The respondent moves to dismiss the petition as untimely and, alternatively, as not stating a basis for habeas relief.  Hayes objects to the respondent's motion.


Background

        Hayes was convicted on two counts of aggravated felonious sexual assault and one count of attempted aggravated felonious sexual assault on April 30, 1992.  The woman who accused him, Linda Tinker, testified against him at trial.  Hayes is serving three consecutive sentences totaling fourteen to twenty-eight years and has been incarcerated at the New Hampshire State Prison.

In mid-1996, John Tinker, Linda Tinker's brother, was also incarcerated at the New Hampshire State Prison, and John Tinker and Hayes were housed in the same building. Hayes submits the affidavit of fellow inmate, Norman Fazel, who states that he roomed with John Tinker when he was first incarcerated, beginning in 1994. While they roomed together, Fazel reports, Tinker told him he was afraid of Hayes because Tinker's sister, Linda, made up the charges that led to Hayes's conviction. Daniel R. Leaf, another inmate, states in his affidavit that Tinker told him in mid-1996 that Tinker's sister had falsely claimed rape. Hayes asserts in his own affidavit that John Tinker told him, along with the others, that Linda told John that Hayes did not rape her as she had charged. Although the conversations with John Tinker occurred in mid-1996, the affidavits of Fazel and Leaf are dated May 17, 2000, and Hayes's affidavit is dated May 13, 2000.

In February of 2000, Hayes filed a second state habeas petition asserting constitutional claims, which were raised in his previous petition, and a new claim that Linda Tinker had recanted her testimony and that the investigating police officer lied. The state court held a hearing on the claims. On May 31, 2000, the court denied the petition as to the constitutional claims because they had been previously raised and denied. The court also denied the claim based on Tinker's alleged

2

recantation, holding that the evidence was not grounds for habeas relief. Hayes's notice of appeal to the New Hampshire Supreme Court was declined on August 24, 2000. Hayes then filed his petition in this court on September 19, 2000.

## Discussion

Hayes contends that he is entitled to habeas relief, based on the evidence presented in affidavits, because the state's witness, Linda Tinker, has recanted her testimony that she was raped. In the motion to dismiss, the respondent contends that Hayes's claim is both time barred and, as a free-standing claim of actual innocence, is not cognizable for habeas relief. In response, Hayes argues that his claim is that his Fourteenth Amendment due process rights were violated because his conviction was based on Linda Tinker's allegedly perjured testimony and is subject to equitable tolling of the limitations period. See Napue v. Illinois, 360 U.S. 264, 269 (1959).

The Napue doctrine, asserted by Hayes, provides that a conviction obtained by false or perjured testimony must be overturned. See id. The Fourteenth Amendment is implicated, however, only if the prosecution had actual knowledge that the testimony was false. See id.; Carter v. Johnson, 131 F.3d 452, 458 (5th Cir. 1997). Since Hayes offers no evidence or even a

3

suggestion that the prosecution knew that Linda Tinker's testimony was false, he has not stated a claim under the Napue doctrine.  Instead, Hayes's claim is a free-standing claim that he is actually innocent.

Section 2244(d)(1) provides a one-year limitation period for § 2254 habeas petitions from the latest of the following dates: (A) when the judgment became final; (B) when the state-created impediment to filing was removed; (C) when the asserted constitutional right was first recognized by the Supreme Court, or (D) when the factual predicate of the asserted claim "could have been discovered through the exercise of due diligence." Habeas claims that accrued before the effective date of the Anti-Terrorism and Effective Death Penalty Act on April 24, 1996, are afforded a one-year grace period.  See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

It is undisputed that Hayes's conviction became final long before April of 1996.  If that date governed, the one-year grace period expired in April of 1997, long before Hayes filed his petition in this court.  Hayes contends that § 2244(d)(1)(D) applies to his case.  Hayes acknowledges, however, that John Tinker told him in mid-1996 that Linda Tinker had recanted her rape testimony.  Applying § 2244(d)(1)(D), the one-year period would have expired in mid-1997, again long before the present

4

petition was filed in September of 2000.

Hayes argues that equitable tolling should be applied in his case to relieve him from the limitation period imposed by § 2244(d)(1) because he is an uneducated and indigent pro se prisoner, he was improperly advised that the recanted testimony was not a proper ground for habeas relief, and he filed his habeas motion as soon as he was able to get supporting affidavits. Ordinarily, a petitioner's lack of education, lack of familiarity with the law, and erroneous beliefs or information about filing times and the merit of his claims do not provide the exceptional circumstances necessary to invoke equitable tolling. See, e.g., Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 16-18 (2d Cir.), cert. denied, 121 S. Ct. 104 (2000); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 121 S. Ct. 622 (2000). The grounds Hayes raises do not justify equitable tolling in this case.

Alternatively, Hayes argues that his failure to file within the one-year period should be excused and his claim should be heard because he is actually innocent. He contends that he maintained his innocence throughout his trial, testified on his own behalf, and continues to assert his innocence. Hayes asserts that the affidavits he submits show that Linda Tinker, his

5

accuser and the state's witness, has recanted her testimony, giving him evidence to impeach Linda Tinker's testimony against him and to prove his actual innocence.

Courts that have addressed the issue have indicated that it is likely that sufficient evidence of actual innocence would provide a gateway through the limitation period of § 2244(d)(1), permitting a successful petitioner to present untimely claims. See, e.g., McLaughlin v. Moore, 2001 WL 567817, at *4 (D.N.H. May 22, 2001); Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1155-57 (N.D. Iowa 2000) (discussing cases). However, Hayes's evidence of actual innocence is not offered to provide a gateway through the time limitation of § 2244(d)(1) for another habeas claim. Instead, actual innocence is his habeas claim, that is, Hayes raises no sustainable claim of any independent constitutional or legal infirmity in his prosecution, trial, conviction, or sentence. See Schlup v. Delo, 513 U.S. 298, 313-14 (1995) (explaining three types of actual innocence claims); White v. Curtis, 2001 WL 279761, at *4 (E.D. Mich. Feb. 13, 2001).

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993); accord LaFevers v. Gibson,

6

238 F.3d 1263, 1265 (10th Cir. 2001); <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 741 (5th Cir. 2000); <u>Jones v. Duncan</u>, 2001 WL 322190, at *10 (S.D.N.Y. Apr. 3, 2001); <u>Zuern v. Tate</u>, 101 F. Supp. 2d 948, 963 (S.D. Ohio 2000). The Supreme Court also suggested a narrow exception to that rule: "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." <u>Herrera</u>, 506 U.S. at 417; <u>accord</u> <u>Jackson v. Calderon</u>, 211 F.3d 1148, 1164 (9th Cir. 2000); <u>Royal v. Taylor</u>, 188 F.3d 239, 243 (4th Cir. 1999); <u>Felker v. Turpin</u>, 83 F.3d 1303, 1312 (11th Cir. 1996).

The <u>Herrera</u> exception does not apply here because Hayes's conviction on charges of attempted and aggravated felonious sexual assault was not a capital case. In addition, the affidavits Hayes submits, which were written four years after the affiants' alleged conversations with John Tinker and are based on double hearsay under questionable circumstances, do not constitute a truly persuasive demonstration of actual innocence. <u>See</u> <u>Herrera</u>, 506 U.S. at 417. Therefore, Hayes has failed to state a claim in support of his petition for habeas relief.

7

## Conclusion

For the foregoing reasons, the respondent's motion to dismiss (doc. no. 11) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 6, 2001

cc:  Donald T. Hayes, pro se
     N.H. Attorney General's Office

8