**Andrew W. KILBURN,**

v.

**Michael T. MALONEY.**

**No. CIV. A. 98–12156–RGS.**

United States District Court,
D. Massachusetts.

Aug. 31, 2001.

---

Earle C. Cooley, Stephen Hrones, Hrones & Garrity, Boston, MA, for Andrew W. Kilburn.

Andrew W. Kilburn, M.C.I. Cedar Junction, Walpole, MA, pro se.

Susanne G. Levsen, Assistant Attorney General, Criminal Bureau, Catherine E. Sullivan, Assistant Attorney General, Criminal Bureau, James J. Arguin, Assistant Attorney General, Office Of the Attorney General, Boston, MA, for Larry DuBois.

Elizabeth K. Frumkin, Assistant Attorney General, Criminal Bureau, James J. Arguin, Assistant Attorney General, Office Of the Attorney General, Thomas Dee, Assistant Attorney General, Criminal Bureau, Boston, MA, for Michael Maloney.

## MEMORANDUM AND ORDER ON RESPONDENT'S OBJECTION TO THE MAGISTRATE/JUDGE'S ORDER STAYING HABEAS CORPUS PROCEEDINGS

STEARNS, District Judge.

■ Respondent raises several not unprincipled objections to the Magistrate Judge's Order staying resolution of a "mixed petition" to permit Petitioner to return to state court to exhaust an unpresented claim. On balance, however, I agree with the Magistrate Judge's decision. The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), which imposes a strict one-year statute of limitations on the filing of federal habeas petitions with limited exceptions,[1] creates a minefield through which a prisoner, most often proceeding pro se, must tread with the most careful of steps.

> If he mistakenly comes to federal court too soon, *i.e.*, with one or more unexhausted claims, and does so late in the allotted one year, a dismissal of his mixed petition risks the loss of all of his claims because the one-year limitations period will likely expire during the time taken to initiate state court exhaustion and to return to federal court after exhaustion is completed.

*Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir.2001).

Respondent's argument that the Magistrate Judge's entry of a stay in this case "eviscerates" the AEDPA statute of limitations and "violates the principles of exhaustion" explicated in *Rose v. Lundy*, 455

---

1. AEDPA contains a tolling provision excluding the time during which an application for post-conviction relief is pending in state court. See § 2244(d)(2); *Gaskins v. Duval*, 183 F.3d 8 (1st Cir.1999). In some circumstances, equitable tolling may also apply. *Neverson v. Bissonnette*, 261 F.3d 120 (1st Cir.2001).

U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), is, I think, overstated. Congress's evident purpose in enacting § 2244(d) of AEDPA was, as Respondent accurately states, "to curb undue delays and abuses of the writ." This concern is adequately addressed by the stringent time constraints imposed on Petitioner by the Magistrate Judge, requiring regular status reports on the progress of the state court proceedings, and mandating his return to federal court within thirty days of these being exhausted. The *Rose* principles, on the other hand, are concerned less with delay than with the affront to comity entailed in a federal court's upsetting a state court conviction without first giving the state court the opportunity to correct a constitutional violation. *Rose,* 455 U.S. at 518, 102 S.Ct. 1198. The path chosen by the Magistrate Judge does not deviate from that concern.

Decisional support for the Magistrate Judge's Order can be found in the concurring opinions of Justice Stevens and Justice Souter in *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). It has been endorsed by at least three Circuit Courts of Appeal as well. *See Zarvela v. Artuz, supra; Calderon v. United States District Court,* 134 F.3d 981 (9th Cir.1998); *Freeman v. Page,* 208 F.3d 572 (7th Cir.2000). *Contra Graham v. Johnson,* 168 F.3d 762 (5th Cir.1999). And it appears, in *dicta,* to be the approach favored by the First Circuit.

> To be sure, the petitioner could have improved his position by requesting that the district court stay, rather than dismiss, Petition No. 1. *See Duncan,* 531 U.S. at ——, 121 S.Ct. at 2130 (Stevens, J., concurring) (observing that "there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies"); ... Post–AEDPA, this will

be the preferable course in many cases involving "mixed" petitions-and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.

*Neverson v. Bissonnette, supra* at 127 n. 3.

■ In endorsing the Magistrate Judge's Order, I do not endorse the proposition that a stay is the default choice in every case involving a mixed petition. A court considering a request for such a stay should, without addressing the merits, satisfy itself (as did the Magistrate Judge in this case) that the unexhausted claim is at least colorable and not asserted for reasons of obstruction or delay. And if the stay is granted, it should be under conditions at least as strict as those imposed here.

### ORDER

For the foregoing reasons, the Magistrate Judge's order is *AFFIRMED.*

SO ORDERED.