### John CARILLO,

v.

### State of RHODE ISLAND and Ashbet T. Wall, Director of the Rhode Island Department of Corrections.

No. C.A. 02–350 ML.

United States District Court, D. Rhode Island.

Nov. 25, 2002.

John Carillo, pro se.

James R. Lee, Providence, RI, for Defendants.

---

### ORDER

LISI, District Judge.

The Findings and Recommendation of United States Magistrate Judge Jacob Hagopian filed on November 14, 2002 in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1). The defendants' Motion to Dismiss is hereby GRANTED.

### Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

John Carillo, *pro se*, filed an application with this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of first degree murder and conspiracy to commit murder. The Attorney General of the State of Rhode Island, designated a party respondent, has moved to dismiss the petitioner's application.

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the motion to dismiss be granted.

### Background

In 1973, a Superior Court jury convicted the petitioner of first degree murder and conspiracy to commit murder, for stabbing to death an on duty correctional officer at the Adult Correctional Institutions, Cranston, Rhode Island. *State v. Carillo*, 122 R.I. 392, 407 A.2d 491, 493 (1979). The Rhode Island Supreme Court affirmed Carillo's conviction on November 2, 1979. *Id.*, 407 A.2d at 498.

In 1988, petitioner filed a motion for post conviction relief in the state superior court. On January 10, 1992, the superior court dismissed the petition. Carillo then appealed to the Rhode Island Supreme Court. The Supreme Court affirmed the dismissal on June 14, 2001.

Petitioner then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on July 9, 2001. The Court dismissed that petition without prejudice since the petitioner failed to pay the initial filing fee. Petitioner then filed another petition—the instant petition—with the appropriate filing fee on August 27, 2002.

The Attorney General has moved to dismiss the instant petition as time-barred. Carillo filed an objection thereto.

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Public Law No. 104–132, effective April 24, 1996, provides, *inter alia*, for a statute of limitations for § 2254 petitions. As amended by AEDPA, § 2244 imposes a one year limitation on the filing of petitions by persons in state custody. The relevant portions of Section 2244 provide:

(d)(1) A one year period of limitation shall apply to an applicant for a writ of habeas corpus by a person in custody pursuant to the judgement of a state court. The limitation period shall run from the latest of—

(A) the date on which the conviction became final by the conclusion of direct review or expiration of the time seeking such review.

28 U.S.C. § 2244(d)(1)(A).

A conviction becomes final for purposes of § 2244(d)(1)(A) upon completion of certiorari proceeding in the United States Supreme Court, or, if certiorari was not sought, the expiration of the time for filing such a petition. *See e.g. Smith v. Bowersox*, 159 F.3d 345, 347–348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999); *Wilson v. Greene*, 155 F.3d 396, 400 (4th Cir.1998), *cert. denied*, 525 U.S. 1012, 119 S.Ct. 536, 142 L.Ed.2d 441 (1998); *Ross v. Artuz*, 150 F.3d 97, 98 (2nd Cir.1998). Here, a superior court jury convicted the petitioner in 1973. He appealed that conviction to the state supreme court, which affirmed on November 2, 1979. Carillo did not seek a writ of certiorari to the United States

Supreme Court. Thus, his conviction became final ninety days following the state supreme court's ruling, or, on or about February 2, 1980.

For convictions that became final prior to the enactment of AEDPA, the United States Court of Appeals for the First Circuit has instructed lower courts to apply a one year grace period from the date of enactment of AEDPA. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir.1999). Thus petitioner had until April 23, 1997, in which to timely file a federal writ of habeas corpus. *Id.* Petitioner filed the instant application August 27, 2002, more than five years beyond the one year grace period.

However, the analysis does not end there. During the entire one year grace period afforded to the petitioner, he had pending in the state courts an application for post conviction relief. His state post conviction relief petition was filed in 1988 and Rhode Island Supreme Court finally disposed of it on June 14, 2001. Section 2244(d) provides:

> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2); *See also Gaskins v. Duval*, 183 F.3d at 9–10.

Thus, during this lengthy delay when his state collateral attack was pending (1988 through June 21, 2001), petitioner's federal habeas clock tolled. Accordingly, the one year grace period afforded to him by *Gaskins v. Duval* did not begin to run until June 15, 2001, the day after the state supreme court issued its ruling, and expired one year later on June 14, 2002.[1]

Nevertheless, petitioner's instant application is time barred. He filed the instant petition on August 27, 2002, two months too late.[2] Accordingly, the respondent's motion to dismiss should be granted. I so recommend.

### Conclusion

Accordingly, for the reasons stated above, I recommend that the respondent's motion to dismiss be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).

Nov. 14, 2002.

---

1. The ninety day certiorari period for seeking United States Supreme Court review of a judgement of a state collateral attack does not toll the time limitations period. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir.2000) *cert. denied*, 532 U.S. 950, 121 S.Ct. 1421, 149 L.Ed.2d 361 (2001); *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 542–543 (3d Cir.2001) *cert. denied*, —— U.S. ——, 122 S.Ct. 364, 151 L.Ed.2d 276 (2001); *Smaldone v. Senkowski*, 273 F.3d 133, 136–138 (2d Cir.2001); *White v. Klitzkie*, 281 F.3d 920, 923–925 (9th Cir.2002). *See also Crawley v. Catoe*, 257 F.3d 395, 398—400 (4th Cir.2001).

2. The Court notes that the petitioner filed an application for federal habeas relief on July 9, 2001. However, that petition was dismissed due to Carillo's failure to pay the $5.00 filing fee. This application has no tolling effect on the time limitations period. *Duncan v. Walker*, 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000); *Neverson v. Bissonnette*, 261 F.3d 120, 124 (1st Cir.2001).