Brad CHESNEL, Petitioner

v.

Jeffrey MERRILL, Warden, Maine State Prison, Respondent

No. 02–221–P–C.

United States District Court, D. Maine.

Jan. 13, 2003.

William Maselli, Law Office of William Maselli, Auburn, ME, for Brad Chesnel, plaintiff.

Donald W. Macomber, Assistant Attorney General, Augusta, ME, for Warden, MSP, defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on December 16, 2002, with copies to counsel, his Recommended Decision on Respondent's Motion to Dismiss (Docket Item No. 8); and Petitioner having filed his objection thereto on December 31, 2002 (Docket Item No. 9), to which objection Respondent responded on January 10, 2003 (Docket Item No. 10); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, it is **ORDERED** as follows:

(1) Petitioner's objection is hereby **DENIED**;

(2) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**;

(3) Respondent's Motion to Dismiss is hereby **GRANTED**.

## *RECOMMENDED DECISION ON RESPONDENT'S MOTION TO DISMISS*

COHEN, United States Magistrate Judge.

The respondent, warden of the Maine State Prison, moves to dismiss this action brought under 28 U.S.C. § 2254 for a writ of habeas corpus as barred by the applicable statute of limitations. I recommend that the court grant the motion.

On February 25, 1998 the petitioner was convicted after a jury trial on charges of murder and robbery. Docket Sheets, *State v. Brad A. Chesnel, et al.*, Maine Superior Court (Androscoggin County), Docket No. CR–97–278 (copy filed with Motion to Dismiss Petition for Writ of Habeas Corpus, etc. ("Motion") (Docket No. 5)) at 9 [reverse]. His motion for a new trial was denied on April 7, 1998. *Id.* at 12. He was sentenced to a term of imprisonment for life on the murder conviction and a concurrent term of 40 years on the robbery conviction. *Id.* He was denied leave to appeal from this sentence. *Id.* at 13 [reverse]. His appeal from the convictions was denied by the Law Court. *State v. Chesnel,* 734 A.2d 1131, 1141 (Me. 1999). His ensuing petition for certiorari was denied by the Supreme Court on January 18, 2000. *Chesnel v. Maine,* 528 U.S. 1126, 120 S.Ct. 957, 145 L.Ed.2d 831 (2000).

On May 19, 2000 the petitioner filed a petition for post-conviction review in the Maine Superior Court (Androscoggin County). Docket Sheets, *Brad Chesnel v. State of Maine,* Maine Superior Court (Androscoggin County), Docket No. AUBSC–CR–2000–234 (copy attached to Motion) at 1. A testimonial hearing was held on October 23, 2001. *Id.* at 4. The petition was denied on October 25, 2001 and the denial entered on the docket on October 30, 3001. *Id.* No appeal was taken from this disposition.

The petitioner filed the instant action in this court on October 25, 2002. Docket.

The respondent invokes 28 U.S.C. § 2244(d)(1)(A) as the basis for dismissal of this petition. That statute provides, in relevant part:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2). Here, the respondent contends that the one-year period had expired well before the instant petition was filed. Motion at 4–5. The judgment of conviction became final by the conclusion of review when the Supreme Court denied the petitioner's application for a writ of certiorari on January 18, 2000. *Bond v. Moore,* 309 F.3d 770, 773–74 (11th Cir.2002). The filing of his petition for state post-conviction review on May 19, 2000 tolled the running of the limitations period until November 20, 2001, the expiration of the 21–day period during which the petitioner could have sought a certificate of probable cause to appeal from the Superior Court's denial of that petition. Maine Rules of Appellate Procedure 2(b)(2)(A) & 19(a) & (b). The limitation period began to run again on that day. By the respondent's calculation, 122 of the 365 days had elapsed when the petition was filed, so the period expired 243 days after November 20, 2001, well before October 25, 2002 when the instant action was filed. Motion at 5.

The petitioner argues in response that the one-year limitation period begins to run anew under section 2244(d)(2) when the disposition of the state post-conviction proceeding becomes final and that any other interpretation of the statute "would be nonsensical." Response to Motion to Dismiss Petition ("Response") (Docket No. 6) at 1. Unfortunately for the petitioner, the interpretation advanced by the respondent is the interpretation adopted by the First Circuit, which is binding on this court. *Gaskins v. Duval,* 183 F.3d 8, 9–10 (1st Cir.1999). *See also Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (section 2244(d)(2) excludes time during which state relief application is pending but does not reset date from which one-year period begins to run; this interpretation is "uniformly followed in other circuits"). By any reasonable calculation, the one-year period had expired in this case well before the petitioner filed the instant action.

The petitioner also states, in conclusory fashion, that "the one-year limitation contained in U.S.C. 28 Section 2244(d)(1)(A) [sic] is not jurisdictional and therefore amenable to equitable tolling." Response at 2. As an abstract proposition, that may well be true. *Cf. Donovan v. Maine,* 276 F.3d 87, 92–93 (1st Cir.2002). However, in the absence of any suggestion, let alone developed argument, about the basis on which the petitioner might be entitled to equitable tolling of the period, this court will not consider the possibility.

For the foregoing reasons, I recommend that the motion to dismiss be **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

December 16, 2002.