**Thomas CRAVALHO, Petitioner**

v.

**State of MAINE, Respondent**

**No. CV–03–151–B–W.**

United States District Court,
D. Maine.

Jan. 22, 2004.

---

Thomas Cravalho, Thomaston, ME, Pro se.

Charles K. Leadbetter, Assistant Attorney General, Augusta, ME, for State of Maine, Respondent.

### ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

WOODCOCK, District Judge.

On August 28, 2003, Thomas Cravalho, the Petitioner, filed a motion pursuant to 28 U.S.C. § 2254 seeking federal relief from his convictions in the State of Maine. (Docket # 1). The State of Maine ("State") responded by filing a thirty-two page Motion to Dismiss. (Docket # 4). For the reasons set forth below, this Court GRANTS the State's Motion to Dismiss.

### I. Background [1]

In 1991, a Penobscot County Grand Jury indicted Mr. Cravalho on four counts: Count I, Class A gross sexual assault; Count II, Class A gross sexual assault; Count III, Class C unlawful sexual contact; and Count IV, criminal threatening with a dangerous weapon. The Penobscot County Superior Court ("Superior Court") docketed the case as BANSC–CR–1991–987 ("CR–91–987"). In 1992, after a two day trial, a Penobscot County jury convicted Mr. Cravalho on all four counts. Later that year, Justice Smith of the Superior Court sentenced Mr. Cravalho to three years imprisonment on Count III, the unlawful sexual contact; three years impris-

---

**1.** A more detailed recitation of the facts in this case appears in *Cravalho v. Maine,* Crimi- nal No. 03–127–B–W, 2004 WL 101607, 300 F.Supp.2d 189.

onment on Count IV, the criminal threatening; and, twelve years imprisonment on Count II, the gross sexual assault. These sentences were to be served concurrently. Justice Smith also sentenced Mr. Cravalho to ten years imprisonment on Count I, the other gross sexual assault, but suspended the entire prison term and ordered a six-year period of probation to be served consecutive to the sentences in Counts II, III, and IV. In essence, the Superior Court ordered Mr. Cravalho to serve twelve years in prison and, upon discharge, spend six years on probation.

On August 14, 1992, the day of his sentencing, Mr. Cravalho, through his attorney, Schuyler Steele, filed a direct appeal of his conviction to the Law Court, arguing that the trial court committed a number of reversible errors. In 1994, the Law Court affirmed the judgment by memorandum of decision. On August 15, 1994, the Law Court also denied Mr. Cravalho's *pro se* Motion for Reconsideration.

On October 6, 1994, Mr. Cravalho filed a *pro se* Petition for Post–Conviction Review. After extensive legal maneuvering, the matter was ultimately scheduled for an evidentiary hearing before then-Justice Kravchuk on July 18, 1997. On July 30, 1997, Justice Kravchuk denied Mr. Cravalho's Petition for Post–Conviction Review, issuing written findings of fact and conclusions of law. Mr. Cravalho appealed her decision to the Law Court where, on October 6, 1997, Associate Justice Clifford, acting for the Law Court, denied a certificate of probable cause to proceed with the appeal.

On August 28, 2003, Mr. Cravalho filed the instant § 2254 petition challenging the underlying criminal judgments in CR–91–987. In his § 2254 petition, Mr. Cravalho asserts ineffective assistance of counsel on the part of Attorney Steele and a violation of his *Miranda* rights stemming from his arrest in Vermont while a fugitive from justice. The State moves this Court to dismiss the § 2254 petition as time-barred under 28 U.S.C. § 2244(d).

## II. Discussion

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, proscribes the applicable period of limitations in this case. The § 2254 statute of limitation is set forth in § 2244, which reads, in part:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1)(A). The one-year period may be tolled by operation of § 2244(d), which provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2). Though the AEDPA became effective on April 24, 1996, it applies to Mr. Cravalho because his § 2254 petition was not pending on the effective date. *Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (settling circuit division regarding *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). Thus, prisoners whose state convictions became final prior to the AEDPA, like Mr. Cravalho, had a one-year grace period from the AEDPA's effective date, April 24, 1996, to file for habeas relief. *Lattimore v. Dubois*, 311 F.3d 46, 51 (1st Cir.), *cert. denied,* —— U.S.

———, 123 S.Ct. 1759, 155 L.Ed.2d 521 (2003). The grace period is subject to tolling by state collateral review proceedings. 28 U.S.C. § 2254(d)(2); *Gaskins v. Duval,* 183 F.3d 8, 9 (1st Cir.1999).

 Mr. Cravalho's Petition for Post-Conviction Review, filed on October 6, 1994, was a "properly filed application for State post-conviction review" under § 2244(d) and, therefore, tolled the one-year grace period until October 6, 1997, when the Law Court filed its denial of a certificate of probable cause. The one-year period of limitation expired on October 6, 1998, by which time Mr. Cravalho had failed to file for habeas relief. Therefore, Mr. Cravalho's § 2254 petition of August 28, 2003 is time-barred.[2]

### III. Conclusion

For the foregoing reasons, the State's Motion to Dismiss Mr. Cravalho's § 2254 petition is GRANTED.

SO ORDERED.

---

2. Even assuming equitable tolling would be available, a proposition not so far established in the First Circuit, Mr. Cravalho has not established the extraordinary circumstances that could justify its application. *Lattimore,* 311 F.3d at 55. Equitable tolling is appropriate only "when circumstances beyond a litigant's control have prevented him from promptly filing." *Id.; Candelaria v. United States,* 247 F.Supp.2d 125, 131 (D.C.R.I. 2003).